SECTIONAL DOCK CO. (SALVOR WRECKING CO. v.). See Case No. 12,-273.

SECURITY INS. CO. v. The MILWAUKEE. See Case No. 9,625.

## Case No. 12,607.

### SECURITY INS. CO. v. TAYLOR.

[2 Biss. 446.] [1]

District Court, N. D. Illinois. Feb., 1871.

EXECUTORS—FOREIGN—ACTION AGAINST.

1. An executor cannot be compelled to appear and answer in a state where he has not taken out letters testamentary, nor done any official act.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

2. His power and liability are local, and the fact that process is served upon him while within the jurisdiction of this court, does not make him amenable to its process in his representative capacity.

[Cited in brief in Luce v. Manchester & L. R. Co., 63 N. H. 588, 3 Atl. 619.]

3. A scire facias in this court to bring in the executors of a Wisconsin estate, will be dismissed.

This was a demurrer to a plea in abatement to a scire facias to make the executors of the defendant, Emeline Taylor, parties to this proceeding. The original proceeding was a libel in personam for a marine tort, filed by the libellant, the Security Insurance Company, against Emeline Taylor, executrix of Isaac Taylor, deceased; John Campbell and Hollingford Warfield alleging in substance that they were the owners of the steamer Geo. S. Weeks, a vessel of twenty tons burthen, duly licensed and enrolled, and plying upon the waters of the Mississippi river between the port of Red Wing, in the state of Minnesota, and Savannah, in the state of Illinois; that respondents, as the owners of said steamer, were guilty of negligence in the transportation of a cargo of wheat from Red Wing to Savannah, by which the libellants sustained great damages. On the hearing an interlocutory order was entered in favor of the libellants, and reference made to one of the masters of this court to take testimony, and report as to the extent of the damages sustained. Exceptions were taken to the master's report, and a hearing had upon these exceptions. Pending the decision upon that hearing, a suggestion was made of the death of the respondent, Emeline Taylor, and leave was taken to issue a scire facias to make her executors parties to the proceeding. That scire facias was served upon one Kelly, alleged to be one of the executors of Mrs. Taylor, who came in and pleaded in abatement to the scire facias that Emeline Taylor, during her lifetime, was domiciled in the state of Wisconsin, that her residence was there, that she died there, and her will was probated there, and had not been probated in the state of Illinois; that the respondent Kelly is one of three executors named, and that they have proved the will in the county of Racine, in the state of Wisconsin, and are acting as such executors, under letters testamentary from the proper court of said county; that he was casually in the state of Illinois when served with process, and has never in any wise acted as executor within the jurisdiction of this state. To this plea libellants demurred.

Rae & Mitchell, for libellants.
Wm. F. Whitehouse, for respondent.

BLODGETT, District Judge. It seems very clear to me that this scire facias cannot be sustained. The law is well settled that executors and administrators cannot act out of the jurisdiction in which they are ap-

pointed, except by complying with the statutory provisions made by comity in such exterior jurisdiction. For instance, an executor in another state may have ancillary administration in this state, for certain purposes, under the statutes of this state, by probating the will here; in which case the authorities of this state will respect his character as executor, and allow him to proceed, and sell or control such portion of the estate as lies within this jurisdiction. This rule, a rule of legislative inter-state comity, holds in nearly all the states, as far as my investigation has gone; but it does not in any way override, or otherwise compromise the general principle that the power of an executor or administrator is local. In this case the process of this court cannot reach the administrators or executors of Emeline Taylor, unless they have made themselves executors within the jurisdiction of the court. This they have not done, and the mere fact that one of the executors came within the jurisdiction of the court upon other business, does not make him amenable to the process of this court in his representative capacity; his official mantle falls when he leaves the jurisdiction in which he was appointed. If persons having claims against the estate of Emeline Taylor wish to pursue their remedy here, they must either take out letters of administration against the estate in this jurisdiction, or, procure the executors to probate the will within this state, before the courts of this state, either state or federal, can obtain jurisdiction in personam of the executors, or of the property of the decedent.

The demurrer to the plea in abatement will therefore be overruled; plea sustained, and scire facias dismissed.

NOTE. Where an administrator sues as such, and he is a citizen of the same state as the defendant, the court has no jurisdiction, although the intestate was a citizen of another state. An administrator is in such case the real and not a nominal party. Dodge v. Perkins [Case No. 3,954]. That an executor cannot be sued in his official character in another state for assets received by him in the jurisdiction where he was appointed, see Mellus v. Thompson [Id. 9,405]. No action can be maintained against an executor or administrator, founded on a debt due from the estate of the deceased, unless he has been duly qualified by a probate tribunal in the state or county where the suit is brought. Caldwell v. Harding [Id. 2,301].