WILLIAM PALEN, AS RECEIVER OF HENRY BANGE, RESPONDENT, v. EZRA L. BUSHNELL AND HENRY BANGE, AS REVIVED AND CONTINUED AGAINST THE EXECUTORS OF EZRA L. BUSHNELL, DECEASED, APPELLANTS.

*Revival of an action against the executors of a deceased defendant — irregularities in the appointment of the plaintiff as receiver, not a ground for denying a motion to revive — section 376 of the Code of Civil Procedure does not apply to an action by a receiver appointed in supplementary proceedings instituted before the period of limitation has expired — when an action can be continued under section 758 of the Code of Civil Procedure.*

In an action, commenced in December, 1863, by a receiver of Henry Bange, appointed in October, 1862, in proceedings supplementary to execution issued upon a judgment recovered in 1862, an accounting was sought between the plaintiff and the defendant as to certain real and personal property fraudulently transferred by Bange to one Bushnell, without consideration and with intent to hinder, delay and defraud the creditors of the grantor. The defendant Bushnell died June 13, 1887, while a reference was pending, and thereafter an order was made reviving and continuing the action against the executors of the said Bushnell.

Upon an appeal from this order a claim was made by the defendant that the plaintiff had no title to the cause of action because the order appointing the receiver was irregular.

*Held,* that this question should not be disposed of upon affidavits, especially as the action was still pending before the referee, and the defendant would be entitled to take advantage of any benefit arising out of any incident of that kind upon the trial of the action.

That section 376 of the Code of Civil Procedure, providing that after a lapse of twenty years the presumption of payment of a judgment shall be conclusive, did not raise a presumption in this action that the judgment in the action in which the plaintiff was appointed receiver was paid and satisfied, as that section did not apply to a remedy founded upon the judgment instituted long before the period of limitation mentioned had expired.

That an objection that the motion should not have been granted, because the action was brought by the receiver without leave of the court, could not be taken after the issues had been joined therein.

That an objection that a simple order of continuance was all that the plaintiff was entitled to, and that the testimony already given upon the trial should not be used, was not well taken, as it was purely a matter of discretion, and there was nothing shown which indicated that the discretion was erroneously exercised in this case.

That, as there were two defendants in this action, an objection taken by the defendant that the executors could only be brought before the court by a supplemental summons, and the action continued by supplemental pleadings could not be sustained as the continuance was provided for by section 758 of the Code of Civil Procedure.

*Coit* v. *Campbell* (82 N. Y., 509) followed.

APPEAL from an order made at a New York Special Term, reviving and continuing this action against the executor of Ezra L. Bushnell, deceased, which was entered in the office of the clerk of the city and county of New York on February 27, 1888.

The order provided that the action be continued against the executors of Ezra L. Bushnell, deceased, and further as follows :

It is ordered that the above-entitled action be and the same hereby is revived and continued in favor of the plaintiff as such receiver as aforesaid as against Adelaide E. Bushnell, as executrix, Ezra D. Bushnell and Alfred Vanderwerken, as executors under the last will and testament of Ezra L. Bushnell, deceased, and that they be deemed to be and become and they are hereby made parties hereto · in the place and stead of such decedent, as though they had been original parties in his place and stead.

And it is further ordered that the pleadings herein, as originally framed and interposed by and between the plaintiff and said Ezra L. Bushnell, deceased, shall in all respects stand as well as the evidence taken herein before the death of said Ezra L. Bushnell, under the order of reference in course of execution at the time of his decease, comprising the testimony of witnesses, living and dead, also exhibits admitted in evidence by the referee named in said order of reference, namely, Hon. Enoch L. Fancher, and that all the proceedings heretofore had herein, including the order of reference to said Enoch L. Fancher, shall likewise stand and enure to the benefit of the plaintiff as fully and completely as though said executrix and executors had been the original parties defendants hereto instead of said Bushnell, now deceased.

And it is further ordered that the pleadings, testimony, exhibits

and the order of reference shall likewise stand and enure to the benefit of said executrix and executors, so far as the same may be applicable to them as the legal representatives of said Bushnell.

*H. M. Whitehead,* for the appellants.

*W. C. Holbrook,* for the respondent.

BRADY, J.:

The plaintiff was appointed receiver of Henry Bange in October, 1862, in proceedings supplementary to execution by a judgment-creditor, and this action was commenced in December, 1863, for an accounting between the plaintiff, as such receiver, and the defendants as to certain real and personal property fraudulently transferred by Bange to Bushnell on the eve of insolvency, without consideration and with intent to hinder, delay and defraud judgment-creditors. The defendant Bushnell died June 13, 1887, leaving a last will and statement in which he appointed Adelaide E., his wife, executrix, and Ezra D. Bushnell and Albert Van Der Werken executors. The will was admitted to probate and letters testamentary issued to the person named. At the time of Bushnell's death this action was pending before a referee; and the defendant, after a motion had been made to dismiss the complaint which was denied, was about to enter upon his defense. It is hardly necessary to say that the action is one which may be continued in the exercise of the discretion of the court. (*Coit* v. *Campbell,* 82 N. Y., 509; *Holsman* v. *St. John,* 90 N. Y., 461; Rumsey's Pr., 663.) The reasons assigned for a reversal of the order made permitting the continuance are ingenious but not meritorious. The first suggestion is, that the order should be reversed, for the reason that the plaintiff has no title to the cause of action; and this is predicate of a supposed irregularity in the order appointing the receiver. It is sufficient to say that this is not a subject which will be disposed of upon affidavits, and especially as it is necessarily before the referee; and if any benefit shall arise out of any incident of that kind the defendant will be entitled to it.

The next proposition is that the judgment in the action in which the plaintiff is appointed receiver is paid and satisfied, and this is founded upon the presumption arising from the recovery of the

judgment in August, 1862, which is more than twenty-five years ago. Section 376 of the Code provides that after a lapse of twenty years the presumption of payment of judgments shall be conclusive. But that section does not apply to a remedy founded upon the judgment instituted long before the period mentioned had expired and, indeed, within two years after the judgment was recovered.

The next point presented is that the motion should not be granted because the action was brought by the receiver without leave of the court, and that to authorize him to continue would be a judicial sanction of a proceeding commenced without authority. It is suffi-cient, in answer to this point, to say that it is too late after issue joined to urge successfully such an objection. (Code, § 499.)

The next suggestion is that the plaintiff is not now a resident of this State, and that the plaintiffs in the action in which the receiver was appointed are both dead, and have no personal representatives, and there are no persons in existence who would be entitled to the moneys to be collected in this action. There is also an assertion that the bond given by the receiver is void, and that the obligee is dead. None of these suggestions are of the slightest consequence on an application of this kind. The case seems to be regularly in court, and having been sent to a reference it must be assumed that every obstacle to that procedure was encountered and overcome.

It is further contended that a simple order of continuance was all that the plaintiff was entitled to, which would enable the plaintiff to avail himself of all the pleadings and proceedings; and, again, that the testimony upon the trial should not be permitted to stand. It is only necessary to say, in answer to these propositions, that it was purely a matter of discretion to be exercised by the court below, and that there is nothing in the case which, in our judgment, indi-cates that the discretion was erroneously exercised.

Again, it is urged that the executors can only be brought before the court by a supplemental summons, and the action continued by supplemental pleadings, and reference is made to the Code (§§ 755-760). It will not be necessary, in disposing of this appeal, to consider these provisions in detail. It is sufficient to say that, as there were two defendants in this case, the continuance was provided for by section 757, the Court of Appeals having decided in *Coit* v. *Campbell* (*supra*), that if there were, originally, more than one defendant in

the action, and of whom one has died, that one is a sole defendant within this section. The cases upon this subject are collated and well stated in Rumsey's Practice (vol 1, 663 *et passim*).

The order should be affirmed, with ten dollars costs and disbursements.

Daniels, J., concurred.

Order affirmed, with costs and disbursements.