(27 Misc. Rep. 380.)

### FERGUSON v. HARRISON.

(Supreme Court, Special Term, New York County. May, 1899.)

FOREIGN EXECUTOR—RIGHT TO SUE.

   A foreign executor cannot be sued in the state, though he has in his possession assets in the state belonging to the estate.

Action by Mary Ferguson against Robert L. Harrison, executor of the estate of Delia T. S. Parnell, deceased. Defendant demurred to the complaint. Demurrer sustained.

V. Wright Kingsley, for plaintiff.
Harrison & Byrd, for defendant.

TRUAX, J. This is an action at law to recover a certain sum of money from the defendant on an indebtedness alleged to be due to the plaintiff from the testatrix of the defendant at the time of her death. The complaint alleges that the defendant, Harrison, was appointed executor in the state of New Jersey; that the testatrix resided without this state at the time of her death, and that she left property in this state and in the state of New Jersey. It has frequently been held that the words, "executors of the estate of," in the caption of a complaint, are descriptive of the person, and do not imply that the person is sued as executor. If the complaint be construed as one against the defendant personally, no cause of action is set up in it. It was contended, however, on the argument that the action was against the defendant as executor. Viewed in that light, the complaint does not set forth a cause of action. It has frequently been held by the courts of this state that a foreign executor cannot be sued purely in his representative capacity in the courts of this state. Flandrow v. Hammond, 13 App. Div. 325, 43 N. Y. Supp. 143; Field v. Gibson, 20 Hun, 274, and cases there cited. It is claimed, however, that the allegation in the complaint that the defendant has assets of the testatrix in his possession in this state gives this court jurisdiction. That point was considered in Field v. Gibson, supra, and it was there held that an action cannot now be maintained against a person in the character of executor de son tort. Hopper v. Hopper, 125 N. Y. 400, 26 N. E. 457, was an action brought here against an ancillary executor, and is not in conflict with the views above expressed. In fact, it was said in that case "that a foreign executor cannot sue or be sued in this state upon a contract of his testator, since the right or liability is purely representative, and exists only by force of the official character, and so cannot pass beyond the jurisdiction which gave it." Demurrer must be sustained, with costs.

Demurrer sustained, with costs.