FILER & STOWELL CO. v. RAINEY et al.

(Circuit Court, N. D. Illinois, N. D.   January 31, 1903.)

No. 26,286.

1. EXECUTORS—SUIT AGAINST IN ANOTHER STATE—JURISDICTION.

A suit cannot be maintained against foreign executors in Illinois, in either a state or federal court, where there is no property of the testator's estate within the jurisdiction.

2. JURISDICTION OF FEDERAL COURTS—DISTRICT OF SUIT.

A nonresident defendant in an action begun by attachment and the garnishment of money due him released such garnishment by the giving of a bond as provided by statute. He died pending the action, which could not be revived against his executors because of their nonresidence. *Held*, that a suit in equity by plaintiff against such executors to establish his right to enforce the bond was not one to enforce a lien on property, which could be maintained in a federal court in a district of which neither plaintiff nor defendants were inhabitants, against defendants' objection.

In Equity.   On motion to dismiss for want of jurisdiction.

Pardridge & Pardridge, for complainant.

Herrick, Allen, Boyesen & Martin and F. F. Norcross, for defendants.

KOHLSAAT, District Judge.   Complainant began proceedings by attachment against defendants' testator, W. J. Rainey, a citizen of Ohio, in the circuit court of Cook county, Ill.; garnishing moneys due him from O. Gara King & Co.   Afterwards said Rainey secured the release of said garnishment under a recognizance bond, as provided by the statute of Illinois.   Thereby the funds garnished were discharged from the lien of the garnishment and paid over to said Rainey. Afterwards Rainey removed said cause to this court, and later demurred to some of the counts of the declaration filed in said cause, and pleaded the general issue to the remaining counts.   He then died. Defendants herein were appointed executors of his estate by the probate court of Cuyahoga county, Ohio, in April, 1900.   After a lapse of more than a year from the time of Rainey's death, this court ordered a scire facias to issue against said executors to revive said cause. This was never served, by reason of their nonresidence.   Thereupon complainant filed this bill to "enforce the lien of said attachment, and retain the benefit of the recognizance" aforesaid.   The bill prayed that complainant might have a trial of the issues in the attachment suit, either in said attachment suit or herein, and that the attachment be sustained; that complainant might have a judgment or decree against said executors for the amount found to be due; that said executors be required to pay same, and, failing to do so, that complainant have recourse to said recognizance to enforce such judgment or decree; and for other relief.   The defendants filed a special appearance, and moved to dismiss the bill: (1) Because complainant alleged that it was a citizen of Wisconsin, and that the defendants were citizens of Ohio; (2) because two of the defendants were citizens of New York,

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 2344.

and three of them citizens of Ohio; (3) because defendants were foreign executors appointed by said Cuyahoga county, Ohio, probate court.

It is conceded that there is no estate of defendants' testator situate in Illinois, and that his will has not been proved here. Without the presence of property in this state, there would be no jurisdiction to appoint executors or administrators. The recognizance bond is not property. The suit was, after the giving of the recognizance, simply a suit in personam, under section 15, c. 11, Rev. St. Ill. It is a well-settled rule of law that the powers and rights of an administrator or executor are local, and limited to the state under whose law they are appointed, except as they may be recognized by the statutes of other states through courtesy. There is no law in Illinois which gives jurisdiction to this court or any state court to try a suit against a foreign administrator or executor, in the absence of estate situate here, and their qualification as provided by statute. If there be no estate here, they cannot be qualified to act when sued here. These executors cannot be sued in this jurisdiction. Insurance Co. v. Taylor, 2 Biss. 446, Fed. Cas. No. 12,607; Judy v. Kelley, 11 Ill. 214, 50 Am. Dec. 455; McGarvey v. Darnall, 134 Ill. 367, 25 N. E. 1005, 10 L. R. A. 861. There being no res in this jurisdiction, there is no warrant for the modification of the rule that a suit must be brought in the jurisdiction where either plaintiff or defendant resides, when objection is made, as is here the case. The suit cannot be maintained.

The motion to dismiss as to all the defendants is sustained, and the bill is dismissed for want of jurisdiction.