(98 App. Div. 291)

### McGRATH v. WEILLER.

### Appeal of FERNBERGER.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. ACTION—DEATH OF DEFENDANT—REVIVAL AGAINST EXECUTOR — FOREIGN EXECUTOR.

> Code Civ. Proc. § 757, provides that in case of the death of a sole defendant, if the cause of action survives, the court must, on motion, allow the action to be continued against his representative or successor in interest. *Held*, that on the death of a defendant the court had no jurisdiction to revive the action against a foreign executor, where none of the assets were within the state, and no ancillary letters had been issued there.

Appeal from Special Term, Kings County.

Action by Thomas M. McGrath against Herrmann Weiller. From an order reviving the action against Henry Fernberger, as executor of the last will and testament of said Weiller, the executor appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

¶ 1. See Abatement and Revival, vol. 1, Cent. Dig. § 408; Executors and Administrators, vol. 22, Cent. Dig. §§ 2330, 2344.

Edward W. S. Johnston, for appellant.
Wm. Phlippeau, for respondent.

HIRSCHBERG, P. J.   The court was without jurisdiction to grant the order appealed from.   The action is at law, and was brought against Herrmann Weiller to recover a money judgment on contract. Pending the trial the defendant died at his place of residence in Philadelphia, Pa.; and thereafter, on the probate of his will, letters testamentary were issued in Pennsylvania to his executor, the appellant, who is a resident of that state.   The order appealed from revives and continues the action against the executor.   It does not appear that the executor was at any time within the jurisdiction of the court, but the proceedings to revive the action were instituted by an order to show cause, which provided for service by registered letter directed to him at his office in Philadelphia.   There is no claim made that the executor has brought any portion of the assets of the estate into this state, or that ancillary letters have been issued in this state.

Matter of Webb, 11 Hun, 124, is an authority in the appellant's favor on the precise point presented.   In that case the defendant died after issue and a reference, and an order was granted reviving the action against his executors, who were appointed in the state of New Jersey. The court, reversing the order, held that an executor or administrator appointed in, and acting under the authority of, a foreign court of probate, by virtue of his office, merely, cannot prosecute or defend an action in this state, nor can he be substituted in the place of the deceased in an action therein pending against him at the time of his death.   The court said (page 125):

"The claim in suit is strictly one against the personal representatives of the testator, and in no way connected with any trust created by his will.   If the action had been to enforce, maintain, or vindicate a trust, the foreign domicile or appointment of the trustee would have formed no objection to its prosecution against him in the courts of this state.   1 Perry on Trusts, §§ 71, 72.   But the cause of action alleged arose during the lifetime of the testator, and the trusts created by his will have no possible relation to or connection with it.   For those reasons the action cannot properly be revived and prosecuted against his executors as trustees under the will.   Neither have the executors, or either of them, removed or brought any portion of the assets in their hands into this state.   If that had been done, the action might have been revived and proceeded against the party served for that reason. McNamara v. Dwyer, 7 Paige, 239 [32 Am. Dec. 627]; Brown v. Brown, 1 Barb. Ch. 189; Gulick v. Gulick, 33 Barb. 92; Pugh's Ex'r v. Jones, 6 Leigh, 299, 310.   The application to make them parties to the action must therefore depend alone upon the fact that they have been appointed executors under and by virtue of the laws of the state of New Jersey; and that, according to the uniform course of the authorities upon the subject, seems to be insufficient to justify the proceeding.   In Doolittle v. Lewis, 7 Johns. Ch. 45 [11 Am. Dec. 389], that was declared to be the law.   The chancellor, in deciding the case, held that it was well settled that a party cannot sue or defend in our courts, as executors or administrators, under the authority of a foreign court of probate.   Id. [7 Johns. Ch.] 47 [11 Am. Dec. 389].   In Vermilya v. Beatty, 6 Barb. 429, the precise point was before the General Term of the First District, and that rule was then maintained as the settled law.   And it was again repeated in Warren v. Eddy, 13 Abb. Prac. 28, and to the same extent in Vaughan v. Northup, 15 Pet. 1 [10 L. Ed. 639]; Noonan v. Bradley, 9 Wall. 394 [19 L. Ed. 757]; 2 William's on Executors (3d Am. Ed.) 1641; Story's Conflict of Laws (5th Ed.) § 513.   The authorities all appear to be in one direction; holding the law to be that foreign execu-

tors and administrators cannot, merely by virtue of their offices, either prosecute or defend actions in the courts of other states. In some instances the disability has been removed by statute, but where that is not the case, and the representative has not removed the assets, or some portion of them, into this state, the rule of the common law is that which has been already stated."

The disability of the common law has not been removed by any statute to which our attention has been called. Matter of Webb, supra, was decided under section 121 of the Code of Procedure, which provided that, in case of the death of a party where the cause of action survives, the court "may allow the action to be continued by or against his representative or successor in interest." By section 757 of the Code of Civil Procedure it is provided that:

"In case of the death of a sole plaintiff or a sole defendant, if the cause of action survives or continues, the court must, upon a motion, allow or compel the action to be continued by or against his representative or successor in interest."

The codifications are identical in substance, and must be held to relate to representatives and successors over whom jurisdiction exists in the actions, and which do not include foreign representatives in actions at law. The rule invoked in the Webb Case seems to have been uniformly followed, both before and since the enactment of the Code of Civil Procedure. See Field v. Gibson, 56 How. Prac. 232; Murphy v. Hall, 38 Hun, 528; Ferguson v. Harrison, 27 Misc. Rep. 380, 58 N. Y. Supp. 850; Flandrow v. Hammond, 13 App. Div. 325, 43 N. Y. Supp. 143; Montgomery v. Boyd, 78 App. Div. 64, 72, 79 N. Y. Supp. 879; Slade v. Hale, 84 App. Div. 633, 82 N. Y. Supp. 1115; Lyon v. Park, 111 N. Y. 350, 18 N. E. 863; Johnson v. Wallis, 112 N. Y. 230, 19 N. E. 653, 2 L. R. A. 828, 8 Am. St. Rep. 742; Hopper v. Hopper, 125 N. Y. 400, 26 N. E. 457, 12 L. R. A. 237. The order should be reversed, and the motion denied.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.