CITIZENS' NAT. BANK OF SARATOGA SPRINGS, N. Y., v. BANG et al.

(Supreme Court, Appellate Division, Third Department. May 2, 1906.)

ABATEMENT AND REVIVAL — REVIVAL OF ACTION — PARTIES — SUBSTITUTION — PROCEEDINGS.

Code Civ. Proc. §§ 757, 758, authorizes the revival of an action at the instance of a plaintiff or defendant by order, and section 760 provides that, in a case specified in the foregoing sections of the title, where an application is made by plaintiff to bring in a person as defendant, the court may direct that a supplemental summons issue, and that, where an application is made by defendant, the court may, where the protection of the applicant's rights requires it, permit defendant to commence a cross-action for that purpose. *Held* that, in view of sections 757, 758, 760, and a course of legislation as shown by Code Civ. Proc. § 121, and section 757, as amended in 1879, section 760 does not provide an exclusive method of reviving an action, but contemplates a case where the parties to be brought in are nonresidents, upon whom an order cannot be effectively served out of the state, and it was proper, on an application by plaintiff, to substitute defendant's executor by an order.

Appeal from Special Term, Saratoga County.

Action by the Citizens' National Bank of Saratoga Springs, N. Y., against Henry A. Bang and others. From an order directing that Eliza R. Bergstein, as executrix of the will of Frederick W. Bergstein, deceased, be substituted as defendant in the place of said decedent, she appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Henry F. Lippold, for appellant.

Rockwood & Salisbury (John A. Slade, of counsel), for respondent.

SMITH, J. The action is brought against two indorsers upon a promissory note; that is, two indorsers only were served. One of the indorsers, Frederick W. Bergstein, died. By the order appealed from, upon the application of the plaintiff, his executor has been substituted.

The substitution seems clearly to be authorized by section 760 of the Code. See, also, Douglass v. Ferris, 138 N. Y. 207, 33 N. E. 1041, 34 Am. St. Rep. 435; Eaton v. Alger, 47 N. Y. 345.

Appellants insist, however, that they could only be brought in by an order requiring that they be served with supplemental summons and complaint, under section 760 of the Code of Civil Procedure. By section 121 of the Code of Procedure it was provided that no action should abate by death, if the cause of action survive, and, further:

"In case of death, marriage, or other disability of a party, the court on motion, at any time within one year thereafter, or afterwards on a supplemental complaint, may allow the action to be continued by or against his representative or successor in interest."

By section 757 of the Code of Civil Procedure this provision was thus modified:

"In case of the death of a sole plaintiff or defendant, if the cause of action survives or continues, the court must, upon a supplemental summons and complaint, or, in its discretion, upon a motion. if made within one year after the decedent's death, in a proper case, allow or compel the action to be continued, by or against his representative, or successor in interest."

Throop, in his note, after giving the source of this section as section 121 of the Code of Procedure, says:

"The second sentence amended, so as to make the supplemental summons and complaint the primary means of reviving the action, as there is no means provided for serving an order without the state, whereas service of a supplemental summons is fully provided for by section 453."

In 1879 section 757 was amended so as to read as follows:

"In case of the death of a sole plaintiff, or a sole defendant, if the cause of action survives or continues, the court must, upon a motion, allow or compel the action to be continued, by or against his representative, or successor in interest."

It will be seen that by the amendment of 1879 there was left out of · the provision as amended the alternative right to allow the action to be continued by the service of a supplemental summons and complaint. The reason of this omission is explained by the amendment in the same year of section 760 of the Code of Civil Procedure, by which was inserted at the beginning of that section the following words, "In a case specified in the foregoing sections of this title," so that section 760 now refers to section 757, which provides for the death of a sole plaintiff or defendant, or section 758, which provides for the death of one or more plaintiffs or defendants. By section 758 provision seems to be made for an order to bring in the representatives of a deceased party in an action where one of two or more plaintiffs or defendants dies. The direction that they may be brought in by an order seems to be substantially similar to the case of the death of a sole plaintiff or a sole defendant, as provided by section 757. Section 760 seems to be supplemental to the provisions of section 757 and 758, and provides, in the case of a sole defendant or of one or more defendants, that, if the application be made on the part of the plaintiff, "the court may direct that a supplemental summons issue, and that supplemental pleadings be made." The object of a supplemental summons, as seems to be explained in Throop's note to section 757, is simply to reach nonresident defendants, upon whom an order could not be served out of the state. By that section, as first enacted, within the first year the plaintiff was permitted to revive his action either by an order of continuance or by a supplemental summons. Considering the purpose to be accomplished by the service of a supplemental summons as thus stated by Mr. Throop, and the history of the legislation upon this question, I cannot believe that it was intended to make a supplemental summons necessary in all cases where you would revive an action against a defendant. That by section 760 it was not intended to provide an exclusive method of reviving an action is apparent from the provisions thereof made in case application be made by a defendant. In case of his application it is provided that the court may, and in certain cases must, permit the defendant to bring a cross-action. It will hardly be contended that an action can only be revived by a defendant by a cross-action to be brought by him. Certainly in most cases the court has the right by an order to revive an action at the instance of a defendant. But this provision only clarifies the meaning of the whole section. By sections 757 and 758 actions may

be revived at the instance of a plaintiff or defendant by order. If the parties to be brought in are nonresidents, however, upon whom an order cannot be effectively served out of the state, section 760 permits a supplemental summons to be issued at the instance of the plaintiff or a cross-action to be commenced at the instance of a defendant, by which the court may acquire jurisdiction of the absent parties. This view would seem to be supported by the authority of Palen v. Bushnell, 51 Hun, 423, 4 N. Y. Supp. 63, which case arose after the amendment of 1879 of section 757. The order should therefore be affirmed.

Order affirmed, with $10 cost and disbursements. All concur, except PARKER, P. J., not voting.