## C. F. STROMEYER CO. v. ALDRICH.

(District Court, S. D. New York. August 5, 1915.)

ABATEMENT AND REVIVAL  73—DEATH OF DEFENDANT—REVIVAL AGAINST FOREIGN EXECUTORS.

    A suit in a federal court cannot be revived against the foreign executors of a deceased defendant, who are not authorized by the laws of the state of their appointment and residence to sue or be sued beyond its own jurisdiction.

    [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 403–411, 417–428; Dec. Dig.  73.]

At Law. Action by the G. F. Stromeyer Company against Nelson W. Aldrich. On motion by plaintiff to revive against executors of defendant. Motion denied.

John Delahunty, of New York City, for plaintiff.

Byrne & Cutcheon, of New York City, appearing specially to call attention to lack of jurisdiction.

AUGUSTUS N. HAND, District Judge. This action is upon a contract. The defendant, a citizen of Rhode Island, died after service of the summons and complaint upon him, and letters testamentary upon his estate were granted by the probate court in Rhode Island. The plaintiff now seeks to revive the action against his executors, who are citizens and residents of Rhode Island, have no assets of the estate within the state of New York, and have never been served with notice of this application. The motion must be denied.

If the executors had received letters from a surrogate of New York, they could be brought in as parties irrespective of any question of their citizenship. R. S. § 955 (Comp. St. 1913, § 1592); Clarke v. Mathewson, 12 Pet. 164, 9 L. Ed. 1041. If the court, however, has no jurisdiction of the executors because they are not qualified to sue or be sued here, there can be no revivor. It is not shown that they are so qualified under the laws of Rhode Island and they would not be at common law. Section 1836a of the New York Code of Civil Procedure does not apply, I think, to cases where the foreign state does not authorize executors to sue or be sued beyond its borders. Before the enactment of section 1836a, supra, there could be no revivor in the New York courts against foreign executors. McGrath v. Weiller, 98 App. Div. 291, 90 N. Y. Supp. 420. The cases of Filer & Stowell Co. v. Rainey (C. C.) 120 Fed. 718, and Lawrence v. Southern Pacific Co. (C. C.) 177 Fed. 547, are in accord with the views I have expressed. The legal principles involved are fully discussed by Judge Learned Hand in the recent case of Thorburn v. Gates (D. C.) 225 Fed. 613, and lead to the same result.