# NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY v. ANNA R. SCHEIBER.[1]

July 13, 1917.

Nos. 20,232—(61).

**Process — substitution of party — failure to acquire jurisdiction.**

> The defendant, in an action brought by the plaintiff insurance company against the insured as sole defendant to cancel a policy of insurance, died after service of process and issue joined. The cause of action survived, and under G. S. 1913, § 7685, providing for a substitution in case of the death of a party, a nonresident beneficiary was substituted as defendant upon a notice personally served upon him in a foreign state. It is *held* that a service of notice without the state was not due process and that jurisdiction was not acquired.

Action in the district court for Ramsey county to cancel defendant's benefit certificate in favor of Anna R. Scheiber. Nathan Rosenhaft appeared specially and moved to vacate the service on him of an order within the state of California. From an order denying his motion and granting plaintiff's motion to substitute him as one of the defendants, Olin B. Lewis, J., Nathan Rosenhaft appealed. Reversed.

*George B. Leonard* and *M. Rose,* for appellant.
*William G. White,* for respondent.

DIBELL, C.

This is an action in equity to cancel a policy of insurance issued by the plaintiff upon the life of Anna R. Scheiber. After issue was joined and before trial Mrs. Scheiber died. Upon the application of the plaintiff, Willie Sillerman and Nathan Rosenhaft, the beneficiaries in the policy,

[1]Reported in 163 N. W. 781.

were substituted as defendants in place of Mrs. Scheiber. Sillerman resided in Minnesota and the application was personally served upon him within the state. Rosenhaft resided in California and the application was personally served upon him there and it was not otherwise served. Rosenhaft appeals from the order granting the plaintiff's motion to substitute and denying his motion to set aside the service.

The statute under which the substitution was made is as follows:

"No action shall abate by reason of the death or disability of a party, or the transfer of his interest, if the cause of action continues or survives. In such cases the court, on motion, may substitute the representative or successor in interest, or, in cases of transfer of interest, may allow the action to proceed in the name of the original party. And after a verdict, decision, or report of a referee, fixing the amount of damages for a wrong, such action shall not abate by the death of any party thereto." G. S. 1913, § 7685.

The cause of action survived the death of Mrs. Scheiber and it was proper to substitute the beneficiaries in her place. National Council v. Weisler, 131 Minn. 365, 155 N. W. 396; Kanevsky v. National Council, 132 Minn. 422, 157 N. W. 646. The only question is whether Rosenhaft was properly substituted on a service made in California.

At common law all actions abated upon the death of the sole plaintiff or the sole defendant. Death terminated them. If the cause of action survived, the representative or successor in interest could sue or be sued in a new action. In equity the death of a party affected a temporary suspension of the right to proceed for want of parties. Story, Eq. Pl. (10th ed.) § 354; 1 R. C. L. 20; 5 Enc. Pl. & Pr. 790; 1 C. J. 153. By force of the statute the action is continued much upon the equity theory. The proceeding by motion authorized by the statute is a substitute for the former bill of revivor. Landis v. Olds, 9 Minn. 79 (90); Willoughby v. St. Paul German Ins. Co. 80 Minn. 432, 83 N. W. 377; the death of a party suspends the progress of the action and the revival operates as a continuation of the original suit. Story, Eq. Pl. § 354; 1 Cyc. 84, 85; 1 R. C. L. 20-24; 5 Enc. Pl. & Pr. 790; 1 C. J. 155; Clarke v. Mathewson, 12 Pet. 164, 9 L. ed. 1041, and citations thereof in 3 Rose's Notes (Rev. ed.) 277; U. S. Comp. St. 1916, § 1592, and cases cited.

The action before us is not *in rem*. There has been no seizure of

property. It is not an action affecting real property. It is a transitory action in equity and is *in personam*. It is not one in which jurisdiction can be acquired by constructive service of process under G. S. 1913, §§ 7737, 7738. Ever since Pennoyer v. Neff, 95 U. S. 714, it has been settled law that in such an action constructive service by publication or personal service outside the state is not due process and does not confer jurisdiction. Counsel for the plaintiff does not claim otherwise; but he argues earnestly and plausibly that the action is still pending notwithstanding the death of the defendant, that the effect of death is merely to suspend progress because of the absence of parties, and that to constitute due process it is enough that those interested are warned or cited, and are given an opportunity to take part in the litigation, and that judgment entered after substitution, made on notice to them served outside the state, will conclude them; and he calls attention to the doctrine settled in this state that a judgment entered against the original defendant, since deceased, if jurisdiction was acquired in his lifetime, is not void and cannot be attacked collaterally. Hayes v. Shaw, 20 Minn. 355 (405); Stocking v. Hanson, 22 Minn. 542; Poupore v. Stone-Ordean-Wells Co. 132 Minn. 409, 157 N. W. 648; 2 Dunnell, Minn. Dig. § 5046. Such a judgment is not before us nor is this a collateral attack.

Council for the defendant argues, and this is his one claim, that jurisdiction can be acquired of a nonresident so as to authorize substitution only by such service as is required of original process. He cites McGrath v. Weiller, 98 App. Div. 291, 90 N. Y. Supp. 420. This case holds that an action cannot be revived against a foreign executor of a deceased defendant. Filer & Stowell Co. v. Rainey (C. C.) 120 Fed. 718; Matter of Webb, 11 Hun, 124, and C. F. Stromeyer Co. v. Aldrich (D. C.) 227 Fed. 960, are of like effect, and there are many others. Such cases proceed upon the theory that a foreign representative cannot be sued in a jurisdiction other than the one in which he is appointed. In such cases the question is one of jurisdiction to sue a foreign representative at all and not of the sufficiency of a service outside the state. They do not lead to a solution of the question before us. In Citizens' Nat. Bank v. Bang, 112 App. Div. 748, 99 N. Y. Supp. 76, it is suggested that under a similar statute notice cannot travel beyond the borders of the state. In *scire facias* to revive or continue a dormant judgment, a proceeding having

some similarity, it is held that notice served outside the state is insufficient. Owens v. Henry, 161 U. S. 642, 16 Sup. Ct. 693, 40 L. ed. 837; Bickerdike v. Allen, 157 Ill. 95, 41 N. E. 740, 29 L. ed. 782. None of these cases are more than suggestive.

The case bearing most directly upon the question is Brown v. Fletcher's Estate, 210 U. S. 82, 28 Sup. Ct. 702, 52 L. ed. 966, which affirmed Brown v. Fletcher's Estate, 146 Mich. 401, 109 N. W. 686, 15 L.R.A. (N.S.) 632, 123 Am. St. 233. The facts are these: Fletcher lived in Michigan. Brown brought an action in equity against him in Massachusetts for an accounting, and personal jurisdiction was acquired. It was pending upon an arbitration agreed upon by stipulation. While the action was in progress Fletcher died. He left a small amount of property in Massachusetts. An administrator was appointed there. Executors were appointed in Michigan. The action was revived and the administrator was substituted in the Massachusetts action. The Massachusetts statute on substitution in a general way resembles ours. Mass. R. L. 1902, c. 171, § 5, et seq. The Michigan executors and Fletcher's children and residuary legatees were, by order of the Massachusetts court, notified of the revivor and cited to appear, and the order was personally served upon them in Michigan. They did not appear. Judgment was entered against the Massachusetts administrator, and it was expressly adjudged that the Michigan executors and the representatives of Fletcher served in Michigan were bound by it. This judgment was presented for allowance to the proper probate court in Michigan having jurisdiction of Fletcher's estate, was disallowed, the probate court was affirmed by the circuit court, and upon appeal to the supreme court the circuit court was affirmed, and upon writ of error the supreme court of the state was affirmed by the Supreme Court of the United States. Upon the writ of error the Federal question was whether the Michigan court gave full faith and credit to the Massachusetts judgment as is required by the Federal Constitution, art. 4, § 1; and this involved the question whether the Massachusetts judgment bound the interested parties served in Michigan. The Supreme Court held [210 U. S. 92] that it did not. One ground was that the service in Michigan was not constitutional due process. It said: "With reference to the first contention of counsel, we remark that, while the original suit against Fletcher in the Massachusetts court was revived after his death, yet the

revivor was operative only against the administrator with the will annexed. Neither the executors nor the residuary legatees were made parties, for it is elementary that service of process outside of the limits of the state is not operative to bring the party served within the jurisdiction of the court ordering the process. * * * The Massachusetts court, therefore, proceeded without any personal jurisdiction over the executors and legatees, who were all domiciled in Michigan, did not appear, and were not validly served with process.

"The argument of plaintiff in error is that by personal appearance during his lifetime the Massachusetts court acquired jurisdiction of the suit in equity against Fletcher; that his death prior to a decree did not abate the suit, but only temporarily suspended it until his representative should be made a party; that if a decree had been rendered against him in his lifetime it would have established, both against himself and after his death, against his estate, whatever of liability was decreed; that while the suit was pending the parties entered into a stipulation for an arbitration; that that arbitration did not abate, nor was it outside the suit, but in terms made under rule of court and not to operate as a discontinuance of the suit. Provision was also made in the stipulation for the contingency of death, its terms being 'that the decease of any party shall not revoke said submission, but that said arbitration shall continue, and that * * * the legal representatives of said Brown and said Fletcher shall be bound by the final award therein;' so that there is not merely the equity rule that a suit in equity does not abate by the death of the defendant, and that the jurisdiction of the court is only suspended until such time as the proper representatives of the deceased are made parties defendant, but also a special agreement in the submission to arbitration that it shall be made under a rule of court, and that the death of either party shall not terminate the arbitration proceedings, but that they shall continue until the final award. It is urged that on the death a revivor was ordered; that the representative of the decedent's estate in Massachusetts, towit, the administrator, was made a party defendant and appeared to the suit, and notice was given by personal service upon the executors and legatees in Michigan of the fact of the revivor, and that they were called upon to appear and defend. * * *

"The validity of the decree must depend upon the proceeding subse-

quent to the death of Fletcher. On his death the jurisdiction of the Massachusetts court was not wholly destroyed, but suspended until the proper representative of Fletcher was made a party. The Massachusetts administrator was made a party and did appear, and the decree rendered unquestionably bound him, but the executors, the domiciliary representatives of the decedent's estate, did not appear and were not brought into court. * * * We are of opinion that the Supreme Court of Michigan did not fail to give 'full faith and credit' to the decree of the Massachusetts Supreme Court."

We do not fail to note that Fletcher's Michigan executors and his legatees there were not substituted in his place in the Massachusetts action pursuant to the statute. The case is not precisely the one before us. Perhaps the result would have been the same regardless of any question of extraterritorial service. But one consideration, prominent in the mind of the Supreme Court, and important to its decision, was that, upon the death of a party, a service of a notice or citation outside the state intended to bring his executors or legatees before the court and to result in binding them by its judgment is not due process. The reasoning of the court is applicable to the facts before us. Due process involves a question under the Federal as well as the state Constitution. We hold that by the service in California jurisdiction to substitute the beneficiary was not acquired.

Order reversed.