GEORGE I. SKINNER, as Superintendent of Banks, Plaintiff, *v.* DAVID A. SULLIVAN, HERMAN H. WOLFF and Others, as Executors of EMIL WOLFF, Deceased, Impleaded with Others, Defendants.

(Supreme Court, Kings Special Term for Motions, June, 1920.)

Judgments — when court has no power to render — continuing action against representatives of deceased defendant — personal service necessary — motions and orders — appearances.

An order continuing an action to enforce a stockholders' liability against the executors of an answering defendant, provided that the summons and complaint be amended so as to make each of said executors parties defendant without prejudice to proceedings already had. This order, which recited proof of due service of the affidavit and order to show cause and that no one had appeared in opposition, was served by mail upon the executors, and the judgment which was entered against them after a trial of the action recited their appearance though neither the summons nor the pleadings were ever actually amended by substituting the names of the executors in place of the name of their testator. Upon granting an order striking out the recital of the executors' appearance, their names as party defendants and vacating and setting aside the judgment as to them, *held,* that the failure to personally serve either a supplemental summons or the order granting a continuance of the action was fatal, as without such service the executors were not before the court and it had no power to render the judgment.

While the motion was proper practice and the order signified the court's consent to the continuance of the action against the executors it was still incumbent upon the plaintiff to duly and legally bring the substituted parties before the court, and the service of the order by mail was insufficient for that purpose.

MOTION to set aside a judgment.

Smith & Agate (Leonard B. Smith, of counsel), for defendants Herman H. Wolff and others, as execu-

tors of the last will and testament of Emil Wolff, deceased, for motion.

Louis Goldstein, opposed.

FAWCETT, J. This is a motion to set aside a judgment of $8,716.80 entered herein on the 20th day of November, 1918, against the executors of Emil Wolff, deceased, on the ground that the court did not have jurisdiction of the said executors.

This action was begun against one Emil Wolff and others, stockholders in the Union Bank, to enforce a stockholders' liability. Wolff died in January, 1918, after having interposed an answer containing defenses, and Herman H. Wolff, Bela D. Eisler and Max Bodenheimer thereafter duly qualified as his executors. On March 9, 1918, plaintiff obtained an order to show cause, returnable on March twelfth, why an order should not be made " reviving and continuing " the action against the executors. The order provided for service thereof by mail, " upon the attorneys, if any, for the defendants (one of whom was the said Wolff) and the representatives of said defendants at the addresses named in the annexed list on or before the 9th day of March, 1918, shall be deemed good and sufficient service." Service of the order was made by mail upon the said executors, who resided in Manhattan. Thereafter and upon the return day of the motion, an order was granted whereby it was ordered that the said action " be and hereby is continued " against the said executors of said Wolff and " that the summons and complaint in the action be amended so as to make each of said executors parties defendant in this action without prejudice to any of the proceedings already had in this action." This order, which recited proof of " due service " of the affidavit and order to show cause and that no one had appeared in

opposition, was also served by mail upon said executors. The action was thereafter duly tried, and, on or about November 20, 1918, a judgment was entered against said executors for the sum of $8,716.80. The judgment recites the appearance of the executors. Application is now made by the executors for an order striking out the recital of their appearance, striking out their names as parties defendant, and vacating and setting aside said judgment as to them. Proof by affidavit is submitted that the attorney for Wolff in his lifetime never was authorized to and never did appear for either or all said executors, and that his authority to represent Wolff terminated with the latter's death; also that no one has ever been *authorized by either of said executors to appear* for them and that no paper, order or other process has ever been *personally served* upon *either of the executors*. The principal ground upon which the court is asked to vacate the judgment is that the service of the order of March fourteenth by mail was ineffective to give the court jurisdiction to render the judgment. It seems that neither the summons nor the pleadings were ever actually amended by substituting the names of the executors in place of the name of the deceased.

It is conceded that Wolff's liability survived his death and devolved by operation of law upon his executors. The action, therefore, did not abate. Code Civ. Pro. § 755. It was still a pending action and no order of revivor was necessary. But it *was* necessary to obtain the court's consent to a continuance of the action (*Lyon* v. *Park*, 111 N. Y. 350, 355), and to properly bring the substituted executors before the court. *Holsman* v. *St. John*, 90 N. Y. 461. *Section 755* of the Code, while providing that an action of the character therein specified does not abate, fails to prescribe directly a specific method of procedure for

bringing the representatives of a deceased party before the court. *Section 757* specifies a motion. *Section 758* provides for an order, and *section 759* for an application to the court. These three sections were enacted to provide for the special cases therein mentioned, but they are not exclusive and do not limit the court's power to continue an action to the cases therein enumerated. The basic provision is contained in *section 755* and is to the effect that the *action does not abate.* Under this section, the court has power to continue an action although it does not come within the scope of either of the sections above referred to. *Lyon* v. *Park, supra,* 366 *et seq.* The present action does not seem to be included within the provisions of either of said sections, except that *section 759* relates generally to equitable actions. The power to continue the present action, therefore, flows from the provision in section 755 that the action does not abate, and *sections 757, 758 and 759* are material to the present controversy only in so far as they indicate the legislative intent that the continuance of an action, which does not abate upon death, and the bringing in of the representatives of the deceased, shall in all cases be effected through the medium of a motion and order. Formerly, the Revised Statutes (2 R. S. p. 184, § 109) provided that "No bill of revivor shall be necessary to revive a suit against the representatives of a deceased defendant; but the court may, *by order,* direct the same to stand revived, upon the petition of the complainant."

This former provision in the Revised Statutes, and the present provisions in the Code so far as they are applicable, seem to have resulted in substituting a proceeding by petition and order for the old bill of revivor. See *Leggett* v. *Dubois,* 2 Paige, 211; *Citizens National Bank* v. *Bang,* 112 App. Div. 748; *Holsman* v.

*St. John, supra,* 465. It is true that section 760 authorizes the court to direct the issuance of a supplemental summons and supplemental pleadings; but it has been stated that the primary purpose of a supplemental summons was to reach non-resident defendants and, in any event, this section was not intended to provide an exclusive method of procedure. *Flannery* v. *Sahagian,* 109 App. Div. 321; *Citizens National Bank* v. *Bang,* 112 id. 748, 750.

I think, therefore, that plaintiff's practice was correct. Neither the situation created by the death of Emil Wolff nor any provision of law required the issuance of a supplemental summons and complaint. A proceeding by motion and order was proper, and the granting of the order signified the court's consent to the continuance of the action against the executors. But, it seems to me, the potency of the order extended no further. It was still incumbent upon the plaintiff to duly and legally bring the substituted parties before the court, and the question is whether or not the service of the order by mail was sufficient to accomplish this purpose.

Had the court, under the provisions of section 760, directed the issuance of a supplemental summons and complaint, I doubt if the contention would be advanced that service thereof by mail would have sufficed. But the quoted provision from the Revised Statutes, the provisions in the sections of the Code referred to, and the decisions cited, indicate that a proceeding upon petition and order, where applicable, is in a sense a substitute for the former bill of revivor. In the special cases where the continuance of an action is effected through this method of procedure, the order is practically a substitute for a supplemental summons. It is a different kind of process. By section 110 of the Revised Statutes (2 R. S. 184), it was expressly pro-

24

vided that " a copy of such order shall be served upon the representatives against whom the revival is ordered." If, therefore, such an order becomes in effect process for the purpose of bringing the substituted parties before the court, it should be served like other process. Consequently, in the absence of a statute authorizing a different mode of service, the order should be served personally. Even if the service of process in the strict legal sense of the word be not necessary, and if, therefore, such an order be deemed notice rather than process, still the service thereof, it seems to me, must be personal. It is, I believe, a general rule that where service of a notice is required, either by a statutory provision or by established judicial procedure, the service must be personal unless a different mode of service is authorized. *Matter of Blumberg,* 149 App. Div. 303; *McDermott* v. *Board of Police,* 25 Barb. 635, 646. See *Rathbun* v. *Acker,* 18 id. 394, 395; *Matter of Sullivan,* 31 Misc. Rep. 2, 4; *Steinhardt* v. *Bingham,* 182 N. Y. 328, 329; *Herter* v. *Muller,* 52 App. Div. 329, 330. In the case last cited, the court said: " * * * and I am not aware of any provision of law entitling a party to serve any notice by mail, except in a few cases where that permission is expressly given by statute."

In the view I take of the matter, it is not necessary to consider the sufficiency of the service by mail of the order to show cause. If, notwithstanding section 755 of the Code and the following sections, the court may withhold its consent to the continuance of the action (*Lyon* v. *Park, supra*), it would follow that the parties against whom the action is sought to be revived are entitled to notice of the application; and, in the absence of a statute specifying a different service, it seems to me that the service should be personal. It is possible, however, that an insufficient service of

the order to show cause, or a failure to serve it at all, would be an irregularity merely, where the order subsequently granted on the application was duly served. But the failure to personally serve either a supplemental summons or the order granting the right of continuance is, I think, fatal. Without such service, the executors were not before the court, and the court was without power to render the judgment.

Motion granted and the judgment is vacated and set aside as against the executors of Emil Wolff, deceased.

Ordered accordingly.