## BROWN v. FLETCHER'S ESTATE.

### ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

No. 220. Argued April 30, 1908.—Decided May 18, 1908.

The full faith and credit clause of the Federal Constitution does not preclude the courts of a State in which the judgment of a sister State is presented from inquiry as to jurisdiction of the court by which the judgment is rendered, nor is this inquiry precluded by a recital in the record of jurisdictional facts.

Every State has exclusive jurisdiction over property within its borders, and where testator has property in more than one State each State has jurisdiction over the property within its limits and can, in its own courts, provide for the disposition thereof in conformity with its laws.

There is no privity between the executor and an administrator with the will annexed appointed in another State which makes a decree in a court of such State against the latter binding under the full faith and credit clause of the Federal Constitution upon the former in the courts of the State in which such executor is appointed.

Where a party dies pending a suit which is subsequently revived against an administrator with the will annexed appointed in the State in the courts of which the suit is pending, the judgment is binding only upon the parties against which it is revived and who are within the jurisdiction of the court, and the courts of another State are not bound under the full faith and credit clause of the Federal Constitution to give effect to such judgment against the executors of such deceased party; and this applies to a judgment entered on an arbitration had in pursuance of a stipulation that it should be conducted under control of the court and that it should continue notwithstanding the decease of either party.

*Quære* as to the effect of the death of either party on an arbitration under a contract of submission made independently of judicial proceedings where the contract provides that the arbitration shall in such event continue and the award be binding upon the representatives of the deceased party.

146 Michigan, 401, affirmed.

ON April 24, 1874, a bill of complaint in a suit for an accounting was filed in the Supreme Judicial Court of Massachusetts, sitting in equity, against George N. Fletcher, of Detroit, Michigan. The latter personally appeared and defended the suit. Without going into the details of the protracted litigation in Massachusetts, or showing how the plaintiff in error became at last the plaintiff in whose favor the Massachusetts court entered judgment, it is enough to say that on April 4, 1892, an agreement was made between the parties for submitting to arbitration all the claims and demands either party might have against the other; providing that the arbitration should be under rule of court, and that it should not operate as a discontinuance of the suit. It was further stipulated that the decease of either party should not terminate the submission, but that the arbitration should continue, and his successors and legal representatives should be bound by the final award therein. On October 18, 1893, the Hon. William L. Putnam was selected as arbitrator. On May 22, 1894, he filed a preliminary award. After this, and before a final award, Fletcher died, leaving a will, which was probated in the Probate Court of Wayne County, Michigan. Letters testamentary were issued to his executors, citizens of Michigan, who qualified as such, and took possession of the decedent's estate in Michi-

gan. His principal estate, as well as his domicil, was in Michigan, but he owned two small tracts in Massachusetts. The Probate Court of Middlesex County, Massachusetts, by proceedings, regular in form, appointed Frank B. Cotton, a citizen of that State, administrator with the will annexed. The Massachusetts property was afterwards sold by that administrator for $350.

After the death of Fletcher the principal suit was revived, the administrator entered his appearance therein, and an order was made by the Massachusetts court that the executors and the children and residuary legatees of the decedent be notified to appear, and that in default thereof the arbitration proceed. They were notified by personal service of the order in the State of Michigan, but did not appear. The arbitration proceeded in their absence and a final award was made. It should also be stated that on his death Fletcher's counsel withdrew their appearance in the case. On April 14, 1903, the Massachusetts Supreme Judicial Court confirmed the awards of the arbitrator, and adjudged that Albert W. Brown recover from Frank B. Cotton, administrator with the will annexed, the sum of $394,372.87 and $4,495.85 as interest and the costs of suit, afterwards taxed as $5,385.40. It was further adjudged and decreed that the Michigan executors of the last will were bound by the final award of the arbitrator and liable to pay to Albert W. Brown the aforesaid sums; that the legal representatives of George N. Fletcher were likewise bound by the award and liable for any deficiency. Thereafter the decree of the Massachusetts court was filed in the Probate Court of Wayne County, Michigan, as evidence of a claim against the estate. It was disallowed by that court, and on appeal to the Supreme Court of Michigan the disallowance was affirmed. 146 Michigan, 401. Thereupon the case was brought here on error.

*Mr. Harrison Geer* and *Mr. John Miner* for plaintiff in error:
The Massachusetts court in equity having had jurisdiction

in Fletcher's lifetime over the subject-matter and the parties to the suit, and on his death the suit having been duly revived, the decree is conclusive evidence of debt in this proceeding.

The death of a party to a suit in equity does not amount to a determination of the suit, but merely suspends the proceedings until new parties are brought before the court. When the suit is revived, the cause proceeds to its regular determination. 5 Am. & Eng. Ency. of Pl. & Pr. 790, 791; Story's Equity Pl. & Pr. § 354; *Clarke* v. *Mathewson,* 12 Pet. 171; *Mellus* v. *Thompson,* 1 Cliff. 129; *Hoxie* v. *Carr,* 1 Sumn. (U. S.) 178.

While the right of the Massachusetts court to proceed in the suit was suspended by Fletcher's death, the court was not thereby divested of jurisdiction. It retained the jurisdiction possessed by it in the lifetime of Fletcher until the cause was finally determined. 2 Black on Judg. § 912; Freeman on Judg. § 142; *Sanford* v. *Sanford,* 28 Connecticut, 6; *Evans* v. *Black,* 5 Arkansas, 429; *Quarl* v. *Abbott,* 102 Indiana, 239, 240; *Gray* v. *Bowles,* 74 Missouri, 419; *Nations* v. *Johnson,* 24 How. 202. See also *Smith* v. *Engle,* 44 Iowa, 265; *Laing* v. *Rigney,* 160 U. S. 531; *Fitzsimmons* v. *Johnson,* 90 Tennessee, 416; *Field* v. *Judge,* 124 Michigan, 68.

The court having possessed jurisdiction of the cause until it was finally determined, its exercise of that jurisdiction cannot be questioned in a collateral proceeding like the one at bar. There is a marked distinction between the jurisdiction of a court and its exercise of that jurisdiction. If it has no jurisdiction, any judgment rendered by it is absolutely void, and may be attacked in a collateral proceeding. If it has jurisdiction, but exercises it wrongfully, its judgment may be reversed on appeal, but it cannot be questioned in a collateral proceeding. 17 Am. & Eng. Ency. of Law (2d ed.), 1042; *Paine* v. *Mooreland,* 15 Ohio, 435; *Chase* v. *Christianson,* 41 California, 255; *Laing* v. *Rigney,* 160 U. S. 531; *Babb* v. *Bruere,* 23 Mo. App. 606; *Hagerman* v. *Sutton,* 91 Missouri, 519.

The suit having been properly revived against the administrator with the will annexed, and the court having retained the jurisdiction that it possessed in Fletcher's lifetime until the cause was finally determined, the decree against such administrator is valid and conclusive evidence of debt in this proceeding against his estate in Michigan.

Even if the suit had not been revived after Fletcher's death the decree would be merely voidable, and not void, nor subject to attack in a collateral proceeding like the case at bar. While a court ought to cease the exercise of its jurisdiction over a party on his death, its failure to do so can only be corrected in a direct proceeding. The court having possessed jurisdiction in the lifetime of the party, and having retained such jurisdiction until the final determination of the suit, its exercise of that jurisdiction, even after the death of a party, is not subject to collateral attack. 2 Black on Judg. § 200; Freeman on Judg. §§ 140–153; 17 Am. & Eng. Ency. of Law (2d ed.), 1070; *New Orleans* v. *Gaines, Admr.*, 138 U. S. 612; *Reid* v. *Holmes*, 127 Massachusetts, 326; *Collins* v. *Mitchell*, 5 Florida, 364; *Neale* v. *Utz*, 75 Virginia, 480; *Yaple* v. *Titus*, 41 Pa. St. 195; *Carr* v. *Townsend's Ex'rs*, 63 Pa. St. 202; *Swasey* v. *Antram*, 24 Ohio St. 87; *Claflin's Ex'r* v. *Dunne*, 129 Illinois, 241; *Mitchell* v. *Schoonover*, 16 Oregon, 211; *Hayes* v. *Shaw*, 20 Minnesota, 405; *Stocking* v. *Hanson*, 22 Minnesota, 542; *Watt* v. *Brookover*, 29 Am. St. Rep. 816n; *Webber* v. *Stanton*, 1 Mich. N. P. 97.

Fletcher's Michigan executors and the administrator with the will annexed of his estate in Massachusetts are in such privity that the decree is conclusive evidence of debt in this proceeding.

Both the executors and the administrator with the will annexed are in privity with their testator, Fletcher. 23 Am. & Eng. Ency. of Law (2d ed.), 101; Words and Phrases, Vol. 6, pp. 5606–5611; 1 Greenl. Ev. § 523; *Litchfield* v. *Goodnow*, 123 U. S. 549; *Williams* v. *Barkley*, 58 N. E. Rep. 768; *Pennington* v. *Hunt*, 20 Fed. Rep. 195; *Hill* v. *Tucker*, 13 How.

458; *Goodall* v. *Tucker*, 13 How. 469; *Latine* v. *Clements*, 3 Kelly (Georgia), 426.

*Mr. Henry M. Campbell* for defendant in error:

The contention that the administrator with the will annexed, appointed by the Probate Court of Suffolk County, Massachusetts, at the instance of the plaintiff, was in privity with the executors appointed by the Probate Court for the County of Wayne, Michigan, under the will, so that a decree in Massachusetts against the Massachusetts administrator with the will annexed, is binding upon the Michigan executors, is without support in principle or authority. *Campau* v. *Gillett*, 1 Michigan, 417; Gary, Probate Law, § 9; Story, Conflict of Laws, §§ 512, 513, 514; *Lafferty* v. *People's Savings Bank*, 76 Michigan, 35; *Am. Missionary Ass'n* v. *Hall*, 138 Michigan, 247; *Low* v. *Bartlett*, 8 Allen, 262; *Vaughn* v. *Northrop*, 15 Peters, 5; *Aspden* v. *Nixon*, 4 How. 467; *Stacey* v. *Thrasher*, 6 How. 58; *McLean* v. *Meek*, 18 How. 16; *Johnson* v. *Powers*, 139 U. S. 156.

The covenants contained in the agreement of submission could not confer upon the Massachusetts court the power, which it did not otherwise possess, to render a judgment against the Michigan executors over whom it had no authority and who had not been brought within its jurisdiction by legal process. *Woodbury* v. *Proctor*, 9 Gray, 19; *Wily* v. *Durgan*, 118 Massachusetts, 64; *Seavy* v. *Beckler*, 132 Massachusetts, 203; *Mussina* v. *Hettzog*, 5 Binn. (Pa.) 387.

An agreement that the Massachusetts court shall have authority to enter a decree which shall be binding upon persons not lawfully brought before it and upon an estate situated without its jurisdiction, is legally impossible. The State of Massachusetts, itself, is without power to confer such authority upon its courts, and the Michigan laws expressly prohibit the adjustment of claims against estates within its jurisdiction in any other way than that designated by its own laws. Cooley's Constitutional Limitations, 491; *Spear* v. *Carter et al.*, 1 Michi-

gan, 19, 23; *Youngblood* v. *Sexton*, 32 Michigan, 406, 409; *Allen* v. *Carpenter*, 15 Michigan, 25, 32; *Thompson* v. *Michigan Mutual Benefit Assn.*, 52 Michigan, 522, 524; *Kirkwood* v. *Hoxie*, 95 Michigan, 62; *Santom* v. *Ballard*, 133 Massachusetts, 465; *Batchelder* v. *Currier*, 45 N. H. 460, 463; *State* v. *Richmond*, 26 N. H. 232; *Dudley* v. *Mayhew*, 3 N. Y. 9; *Morrison* v. *Weaver*, 4 S. & R. (Pa.), 190; *Agee* v. *Dement*, 1 Humph. (Tenn.) 332; *Judy, Adm'r*, v. *Kelly*, 11 Illinois, 211; *Greer* v. *Ferguson*, 56 Arkansas, 324; *Flandrow* v. *Hammond*, 13 N. Y. App. Div. 325; *Sloan* v. *Sloan*, 21 Florida, 589–596; *Elling* v. *First Nat'l Bank*, 173 Illinois, 368, 387; Freeman on Judgments, § 120, and cases cited; *Foster* v. *Durant*, 2 Cush. 544; *Woodbury* v. *Proctor*, 9 Gray, 18; *Hubbell* v. *Bissell*, 15 Gray, 551; 17 Am. & Eng. Ency. of Law (2d ed.), 1060.

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

The Federal question presented is, whether the Michigan courts gave force and effect to the first section of Article IV of the Federal Constitution, which provides that "full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State." That this is a Federal question is not open to doubt. *Huntington* v. *Attrill*, 146 U. S. 657, 666, and cases cited.

The constitutional provision does not preclude the courts of a State in which the judgment of a sister State is presented from inquiry as to the jurisdiction of the court by which the judgment was rendered. See the elaborate opinion by Mr. Justice Bradley, speaking for the court, in *Thompson* v. *Whitman*, 18 Wall. 457. That opinion has been followed in many cases, among which may be named *Simmons* v. *Saul*, 138 U. S. 439, 448; *Reynolds* v. *Stockton*, 140 U. S. 254, 265; *Thormann* v. *Frame*, 176 U. S. 350. Even record recitals of jurisdictional facts do not preclude oral testimony as to the existence of those facts. *Knowles* v. *Gaslight &c. Co.*, 19 Wall.

58, 61; *Pennoyer* v. *Neff*, 95 U. S. 714, 730; *Cooper* v. *Newell*, 173 U. S. 555, 566.

Every State has exclusive jurisdiction over the property within its borders. *Overby* v. *Gordon*, 177 U. S. 214. We make this extract from the opinion of Mr. Justice White in that case, p. 222:

"To quote the language of Mr. Chief Justice Marshall, in *Rose* v. *Himely*, 4 Cranch, 241, 277: 'It is repugnant to every idea of a proceeding *in rem* to act against a thing which is not in the power of the sovereign under whose authority the court proceeds; and no nation will admit that its property should be absolutely changed, while remaining in its own possession, by a sentence which is entirely *ex parte*.'

"As said also in *Pennoyer* v. *Neff*, 95 U. S. 714, 722: 'Except as restrained and limited by the Constitution, the several States of the Union possess and exercise the authority of independent States, and two well-established principles of public law respecting the jurisdiction of an independent State over persons and property are applicable to them. One of these principles is, that every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory. . . . The other principle of public law referred to follows from the one mentioned; that is, that no State can exercise direct jurisdiction and authority over persons or property without its territory. Story, Confl. Laws, c. 2; Wheat. Int. Law, pt. 2, c. 2. The several States are of equal dignity and authority, and the independence of one implies the exclusion of power from all others. And so it is laid down by jurists, as an elementary principle, that the laws of one State have no operation outside of its territory, except so far as is allowed by comity; and that no tribunal established by it can extend its process beyond that territory so as to subject either persons or property to its decisions. Any exertion of authority of this sort beyond this limit, says Story, is a mere nullity, and incapable of binding such persons or property in any other tribunals. Story, Confl. Laws, s. 539.' "

OCTOBER TERM, 1907.

Fletcher at the time of his decease was the owner of property, some of it situated in Massachusetts and some in Michigan. Each State had jurisdiction over the property within its limits, and could in its own courts, in conformity with its laws, provide for the disposition thereof. Massachusetts exercised its jurisdiction over the property within its limits and disposed of it by legal proceedings in its courts. The contention now is that the proceedings in the Massachusetts court can be made operative to control the disposition of the property in Michigan. In support of this contention counsel for plaintiff in error state two propositions:

"The Supreme Judicial Court in Equity for Suffolk County, Massachusetts, having had jurisdiction in Fletcher's lifetime over the subject-matter and the parties to the suit, and on his death the suit having been duly revived, the decree is conclusive evidence of debt in this proceeding.

"Fletcher's Michigan executors and the administrator with the will annexed of his estate in Massachusetts are in such privity that the decree is conclusive evidence of debt in this proceeding."

Considering first the latter proposition, we are of opinion that there is no such relation between the executor and an administrator with the will annexed appointed in another State as will make a decree against the latter binding upon the former, or the estate in his possession. While a judgment against a party may be conclusive, not merely against him, but also against those in privity with him, there is no privity between two administrators appointed in different States. *Vaughan* v. *Northrup*, 15 Pet. 1; *Aspden* v. *Nixon*, 4 How. 467; *Stacy, Adm'r,* v. *Thrasher*, 6 How. 44. In this latter case, on page 58, it was said:

"Where administrations are granted to different persons in different States, they are so far deemed independent of each other that a judgment obtained against one will furnish no right of action against the other, to affect assets received by the latter in virtue of his own administration; for in contempla-

tion of law, there is no privity between him and the other administrator. See Story, Confl. of Laws, § 522; *Brodie* v. *Bickley*, 2 Rawle, 431."

See also *McLean* v. *Meek*, 18 How. 16; *Johnson* v. *Powers*, 139 U. S. 156, in which the question is discussed at some length by Mr. Justice Gray. This doctrine was enforced in Massachusetts. *Low* v. *Bartlett*, 8 Allen, 259, where a judgment had been recovered in Vermont against an ancillary administrator appointed in that State, whose appointment had been made at the request of the executor under the will probated in Massachusetts, and it was held that the administrator was not in privity with the executor, because the two were administering two separate and distinct estates, the court saying, p. 262:

"If we look at the question of privity between the executor here and the ancillary administrator in Vermont, it is difficult to find any valid ground on which such privity can rest. The executor derives his authority from the letters testamentary issued by the probate court here; he gives bond to that court; is accountable to it for all his proceedings; makes his final settlement in it and is discharged by it, in conformity with the statutes of this Commonwealth. The administrator derives his authority from the probate court in Vermont, and is accountable to it in the same manner in which the executor is accountable to our court. The authority of the executor does not extend to the property there, nor to the doings of the administrator. Nor does the authority of the administrator extend to the property here, or to the doings of the executor. When the plaintiff commenced his suit against the administrator, the executor had no right to go there and defend it. If he had been found in Vermont he could not have been sued there. The judgment rendered in the suit was not against him, or against the testator's goods in his hands; but was simply against the administrator and the testator's goods in his hands. The courts of Vermont had no jurisdiction of the executor or of the goods in his hands, any more than our

courts would have over the administrator and the goods in his hands. It is this limitation of state jurisdiction that creates a necessity for an administration in every State where a deceased person leaves property; and each State regulates for itself exclusively the manner in which the estate found within its limits shall be settled."

The Massachusetts statutes proceed along this line. Secs. 10, 11 and 12, c. 136, Mass. Rev. Laws, 1902, provide for the probate of foreign wills in Massachusetts. Sec. 12 reads:

"After allowing a will under the provisions of the two preceding sections, the probate court shall grant letters testamentary on such will or letters of administration with the will annexed, and shall proceed in the settlement of the estate which may be found in this Commonwealth in the manner provided in chap. 143 relative to such estates."

With reference to the first contention of counsel, we remark that, while the original suit against Fletcher in the Massachusetts court was revived after his death, yet the revivor was operative only against the administrator with the will annexed. Neither the executors nor the residuary legatees were made parties, for it is elementary that service of process outside of 'he limits of the State is not operative to bring the party served within the jurisdiction of the court ordering the process. Such also is the statutory provision in Massachusetts. Section 1, ch. 170, Mass. Rev. Laws, 1902, reads:

"A personal action shall not be maintained against a person who is not an inhabitant of this Commonwealth unless he has been served with process within this Commonwealth or unless an effectual attachment of his property within this Commonwealth has been made upon the original writ, and in case of such attachment without such service the judgment shall be valid to secure the application of the property so attached to the satisfaction of the judgment, and not otherwise."

The Massachusetts court, therefore, proceeded without any personal jurisdiction over the executors and legatees, who

were all domiciled in Michigan, did not appear, and were not validly served with process.

The argument of plaintiff in error is that by personal appearance during his lifetime the Massachusetts court acquired jurisdiction of the suit in equity against Fletcher; that his death prior to a decree did not abate the suit, but only temporarily suspended it until his representative should be made a party; that if a decree had been rendered against him in his lifetime it would have established, both against himself and after his death against his estate, whatever of liability was decreed; that while the suit was pending the parties entered into a stipulation for an arbitration; that that arbitration did not abate, nor was it outside the suit, but in terms made under rule of court and not to operate as a discontinuance of the suit. Provision was also made in the stipulation for the contingency of death, its terms being "that the decease of any party shall not revoke said submission, but that said arbitration shall continue, and that . . . the legal representatives of said Brown and said Fletcher shall be bound by the final award therein;" so that there is not merely the equity rule that a suit in equity does not abate by the death of the defendant, and that the jurisdiction of the court is only suspended until such time as the proper representatives of the deceased are made parties defendant, but also a special agreement in the submission to arbitration that it shall be made under a rule of court, and that the death of either party shall not terminate the arbitration proceedings, but that they shall continue until the final award. It is urged that on the death a revivor was ordered; that the representative of the decedent's estate in Massachusetts, to wit, the administrator, was made a party defendant and appeared to the suit, and notice was given by personal service upon the executors and legatees in Michigan of the fact of the revivor, and that they were called upon to appear and defend.

But it must be borne in mind that this arbitration was made under a rule of court. Not only that, but special provision

was made for the action of the court in deciding questions of
law arising upon the report of the arbitrator, so that the arbi-
tration was not an outside and independent proceeding, but
simply one had in court for the purpose of facilitating the
disposition of the case.  And we may remark in passing that
we do not have before us the case of a simple arbitration con-
tract, executed independently of judicial proceedings, and ex-
press no opinion as to the rights and remedies of one party
thereto in case of the death of the other.  The validity of the
decree must depend upon the proceedings subsequent to the
death of Fletcher.  On his death the jurisdiction of the Massa-
chusetts court was not wholly destroyed, but suspended until
the proper representative of Fletcher was made a party.  The
Massachusetts administrator was made a party and did ap-
pear, and the decree rendered unquestionably bound him,
but the executors, the domiciliary representatives of the
decedent's estate, did not appear and were not brought into
court.  The Massachusetts administrator was not a general
representative of the estate, and could not bind it by any ap-
pearance or action other than in respect to the property in his
custody.  If the home estate was to be reached it had to be
reached by proceedings to which the home representatives
were parties.  The agreement of the parties that the arbitra-
tion should continue in case of the death of either, and that the
legal representatives of the party should be bound by the final
award, was an agreement made in the course of judicial pro-
ceedings of the suit in the Massachusetts court.  It did not
operate to make the home representatives of the decedent
parties to the suit on the death of Fletcher.  It did not bring
his general estate into court.  We concur in the views expressed
by the Supreme Court of Michigan in the close of its opinion
that—

"It must be held that the proceedings in the Massachusetts
court abated with the death of Mr. Fletcher, that its revivor
was possible only because there was brought into existence,
by the exercise of the sovereign power of the State, a represen-

tative of the decedent, clothed with certain powers with respect to the estate of the decedent within the State, and that the decree thereafter rendered in the suit so revived is without effect save upon the administrator of the estate who was in accordance with the law of the place brought upon the record."

We are of opinion that the Supreme Court of Michigan did not fail to give "full faith and credit" to the decree of the Massachusetts Supreme Court, and therefore the judgment is

*Affirmed.*