## ADMINISTRATION OF AN ESTATE IN DIFFERENT JURISDICTIONS.

Common Pleas Court of Hamilton County.

### MARIE ALBRECHT V. CHARLES W. HOFFMAN.

Decided, May 28, 1913.

*Executors and Administrators—Judgment Obtained Against Estate in Another Jurisdiction—Effort to Enforce Against Ancillary Administrator.*

A judgment recovered against a domicilliary administrator in Alabama can not be made the basis of a right of action by the judgment creditor against the ancillary administrator of the same estate in Ohio.

*Gideon C. Wilson,* for plaintiff.
*Robert P. Hargitt,* contra.

MAY, J.

Demurrer to petition.

The plaintiff in her petition alleges that the defendant is the duly appointed ancillary administrator of the estate of John B. Campbell, deceased, and that he was appointed as such administrator by the Probate Court of Hamilton County, on May 1, 1909, and that he has in his possession assets of such estate. The plaintiff further alleges that she recovered a judgment against Nelson L. Seeley, administrator of the decedent, John B. Campbell, on March 12, 1909, in the law and equity court of Mobile, Alabama, the amount of said judgment being $996; that no part of said judgment has been paid and that it is in full force and effect and that Nelson L. Seeley, as said administrator, has no assets in his possession for the payment of said judgment. Plaintiff further alleges that she filed with Charles W. Hoffman, ancillary administrator of the estate of J. B. Campbell, her claim of $996 and interest "in the nature of an authenticated copy of the judgment record of the law and equity court of

Mobile, Alabama,'' and that Charles W. Hoffman, as such ancillary administrator, did, on February 5, 1913, reject the claim. Wherefore, plaintiff prays for a judgment and order finding that her claim is a valid and subsisting claim against the estate of John B. Campbell, deceased, and ordering and directing the defendant, Charles W. Hoffman, ancillary administrator of said estate, to allow and pay said claim, or so much thereof as the assets of the estate applicable thereto will pay, and for all legal and equitable relief she may be entitled to.

The defendant filed his demurrer on three grounds:

1. That the court has no jurisdiction of the subject of the action.

2. That the plaintiff has no legal capacity to sue.

3. That the petition does not state facts which show a cause of action.

Inasmuch as I am of the opinion that the petition does not state facts which show a cause of action, it is unnecessary for me to consider the first two grounds of the demurrer.

There are no Ohio cases bearing directly on this question.

Judge Ranney has a very strong dictum against allowing such an action, in the case of *Swearingen* v. *Morris*, 14 Ohio St., 424.

The Supreme Court, in *Williams* v. *Welton*, 28 Ohio St., 451. held that Welton's administrator could maintain an action against the estate of Williams in Ohio to recover a judgment for money only on a contract made by the intestate in Maryland. This case, however, is easily distinguishable from the case at bar because the subject-matter of the action was the original contract, whereas, in the case at bar the subject-matter of the action is a judgment not recovered against the intestate, but recovered against a domiciliary administrator of the estate.

The authorities are uniform in holding that:

''Where administrations are granted to different persons in different states, they are so far deemed independent of each other that a judgment obtained against one will furnish no right of action against the other, to affect assets received by the latter in virtue of his own administration; for in contemplation of law there is no privity between him and the other adminis-

trator." *Story, Conf. Laws,* Section 522; *1 Rockel, Prob. Pr.,* Section 185; *1 Woerner, Administration,* Section 162.

The leading case on the subject is the case of *Stacy* v. *Thrasher,* 47 U. S. (6 How.), 44, where the Supreme Court held that an action of debt will not lie against an administrator in one of these United States on a judgment obtained against a different administrator of the same intestate appointed under the authority of another state. The court also held that there was no privity of estate between the two administrators. See also an instructive case—*Braithwaile* v. *Harvey,* 14 Mont., 208. To this case is appended an exhaustive note in which all the authorities on the subject are collected.

This doctrine has been upheld frequently by the Supreme Court of the United States. In the case of *Johnson* v. *Powers,* 139 U. S., 156, the court, speaking through Mr. Justice Gray, held that a judgment recovered against an administrator in one state is no evidence of debt in a suit by the same plaintiff in another state against third persons having assets of the deceased. In this case Mr. Justice Brown dissented, but at page 164 he says:

"It is true that these proceedings are not binding upon others than parties and privies, and if this were an action against the administrator of the same estate in the state of New York it is conceded at once that under the case of *Stacy* v. *Thrasher, supra,* the action would not lie."

The latest case on the subject is that of *Brown* v. *Fletcher,* 146 Mich., 401. At page 424 the court says:

"The Massachusetts administrator and the Michigan executors are not in privity, and, considered apart from the effect to be given to the stipulation of the parties, the decree of the Massachusetts court has no force or effect to bind anyone except the administrator appointed in that jurisdiction."

This case was taken to the United States Supreme Court and was affirmed in *Brown* v. *Fletcher,* 210 U. S., 82 (28 Sup. Ct. Rep., 702; 52 L. Ed., 966), the court holding that there is no privity between the executor and administrator with the will

annexed appointed in another state which makes a decree in a court of such state binding against the latter under the full faith and credit clause of the Federal Constitution upon the former in the courts of the state in which such executor is ap-. pointed.   On page 90, Mr. Justice Brewer speaking for the court says:

"Considering first the latter proposition (relation of privity), we are of opinion that there is no such relation between the executor and an administrator with the will annexed, appointed in another state as will make a decree against the latter binding upon the former, or the estate in his possession.   While a judgment against a party may be conclusive, not merely against him, but also against those in privity with him, there is no privity between two administrators appointed in different states. *Vaughan* v. *Northrup,* 40 U. S., (15 Pet.), 1 (10 L. Ed., 639); *Aspden* v. *Nixon,* 45 U. S. (4 How.), 467 (11 L. Ed., 1059); *Stacy* v. *Thrasher,* 47 U. S. (6 How.), 44 (12 L. Ed., 337)."

In this latter case the court also reviews many of the leading authorities on this question.

If this action were based upon a claim against the intestate of the defendant, as stated above, it might be maintainable in this state upon the authority of *Williams* v. *Welton, supra,* but, the plaintiff in this case relies solely upon the judgment recovered against the domiciliary administrator in Alabama, and according to the unbroken chain of authorities such a judgment can not form the basis of a suit, and, therefore, when the defendant, as ancillary administrator, rejected the claim, no suit can be maintained to have the claim declared a valid and subsisting claim against the estate of John B. Campbell, deceased, and ordering and directing the ancillary administrator in this state to allow and pay such claim.