### HEATH et al. v. SANTA LUCIA CO., S. A., et al.

(District Court, S. D. New York. December 30, 1924.)

Courts ⊛═12(2)—Scire facias not available to make foreign executrix party to action at law.

A writ of scire facias, issued under Rev. St. § 955 (Comp. St. § 1592), as amended by Act Nov. 23, 1921, and by Act Dec. 22, 1921, to require the Cuban administratrix of a deceased party to an action at law to appear and become party thereto, cannot avail to bring the foreign executrix within the jurisdiction of the court in an action for personal judgment.

At Law. Action by John W. Heath and another against the Santa Lucia Company, S. A., and another. On motion by Elvira Cil Vda de Sanchez to vacate and quash writ of scire facias and service thereof. Motion granted.

David L. Podell, of New York City (David A. L'Esperance, Jr., Charles S. Rosenschein, and Adolf A. Berle, Jr., all of New York City, of counsel), for plaintiffs.

Geller, Rolston & Blanc, of New York City (George S. Mittendorf and Charles Angulo, both of New York City, of counsel), for petitioner.

WINSLOW, District Judge. This is a motion by Elvira Cil Vda de Sanchez, appearing specially herein, on a motion to vacate and quash a writ of scire facias heretofore issued in this action, and also to set aside and quash the service of the writ upon her.

This action was originally begun in the Supreme Court, New York County. The defendant Santa Lucia Company is a Cuban corporation. Defendant Sanchez was a citizen and resident of Cuba, and also president of the defendant corporation. The summons and complaint were served personally upon the defendant Sanchez within the state of New York, and thereafter both defendants appeared, and, on defendants' motion, the cause was transferred from the state court to this court. Answers were interposed and the cause noticed for trial.

The action is one at law for the recovery of damages for the alleged breach of contract on the part of the defendants. The defendant Sanchez died on November 13, 1921, a resident and citizen of Cuba. A last will and testament, dated September 4, 1915, was probated in Cuba, pursuant to the law thereof; the executrix being his widow who now makes this motion, appearing specially for that purpose. It is admitted that Mrs. Sanchez has duly qualified as executrix under the Cuban law, and has taken into her custody all of the property belonging to the estate, pursuant to the laws of Cuba.

On or about September 16, 1922, a petition was filed herein by the plaintiffs, without notice, however, to the corporation defendant or to Mrs. Sanchez, resulting in the issuance of an order of this court for a writ of scire facias directed to Mrs. Sanchez, as executrix of the will of Federico Sanchez. This procedure was said to be pursuant to the provisions of section 955 of the Revised Statutes of the United States (section 1592, U. S. Comp. St.). The order was made December 5, 1922. The order further directed that the writ be served on Mrs. Sanchez, as executrix, etc., "by delivering to and leaving with her a true copy thereof wherever in or out the Southern district of New York she may be found."

Thereafter, on December 11, 1922, the writ was issued on said order, commanding Mrs. Sanchez as follows: "You are hereby commanded, within twenty (20) days after the service upon you of this writ, to ap-

pear and become a party to this suit according to the provisions of section 955 of the Revised Statutes of the United States, or show cause why you ought not; otherwise, judgment may be taken against the estate of said decedent in like manner as 'if you had voluntarily made yourself a party." A copy of this writ was served by delivering a copy thereof to Mrs. Sanchez in Cuba.

There are two questions requiring consideration on this motion. The first is whether or not under the laws of the United States this action may be revived against the foreign executor. If it may be revived in the manner attempted, it will then be necessary to inquire as to the laws of Cuba applicable to the powers and responsibilities of the executor.

Section 955, R. S. (section 1592, U. S. Comp. St., as amended November 23, 1921, and December 22, 1921 [42 Stat. 353, c. 18]), provides that:

"When either of the parties * * * in any suit in any court of the United States dies before final judgment, the executor * * * may, in case the cause of action survives, by law, prosecute or defend any such suit to final judgment * * * and if such executor * * * having been duly served with a scire facias from the office of the clerk of the court where the suit is depending twenty days beforehand, neglects or refuses to become party to the suit, the court may render judgment against the estate of the deceased party in the same manner as if the executor or administrator had voluntarily made himself a party. * * * The provisions of this section shall apply to suits in equity and in admiralty as well as to suits at law, and the jurisdiction of all courts of the United States shall extend to and over executors and administrators of any party, who dies before final judgment or decree, 'appointed under the laws of any state or territory of the United States, and such courts shall have jurisdiction within two years from the date of the death of the party to the suit to issue its scire facias to executors and administrators appointed in any state or territory of the United States which may be served in any judicial district by the marshal thereof. * * * ·"

In the case of Brown v. Fletcher's Estate, 210 U. S. 82, 28 S. Ct. 702, 52 L. Ed. 966, the proposition was asserted that service of process to bring in foreign executors outside the limits of the state is not operative to bring the parties served within the jurisdiction of the court ordering the process. The defendant Fletcher died before final judg-

ment, leaving a will which was probated in Michigan. The original action was pending in the state court of Massachusetts. Letters testamentary were issued to the executors, citizens of Michigan, who qualified as such and took possession of decedent's estate in Michigan. After the death of Fletcher the principal suit was revived against an ancillary administrator appointed in Massachusetts. An order was made by the Massachusetts court directing that the executors and children and residuary legatees of Fletcher be notified to appear, and that, in default of appearance, the suit should proceed. Personal service of the Massachusetts court order was made in the state of Michigan, but the representatives of decedent did not appear. The suit proceeded and final judgment was entered against the estate in Massachusetts. Thereafter suit was begun in the state of Michigan against Fletcher's executors upon the Massachusetts judgment. The question raised was whether such judgment was entitled to faith and credit in Michigan. The United States Supreme Court held that it was not. It is obvious that an original action in Massachusetts could not have been instituted against the foreign executors of Fletcher by notice served upon them in the state of Michigan, and this case of Brown v. Fletcher would seem to establish the proposition that the same principles would apply in the case then before the court in an attempt to revive an action against a foreign executor.

In the case of Stromeyer v. Aldrich (D. C.) 227 F. 960, a motion was made by the plaintiff to revive a suit against the executors of defendant. Defendant was a citizen of Rhode Island, who died after service of a summons and complaint upon him in the state of New York. Letters testamentary upon his estate had been issued by the probate court in Rhode Island. Plaintiff sought to revive the action against the defendant's executors who had been appointed, as stated, by the Rhode Island court. The motion was denied; the court saying, among other among other things:

. "If the executors had received letters from a surrogate of New York, they could be brought in as parties irrespective of any question of their citizenship. * * * If the court, however, has no jurisdiction of the executors because they are not qualified to sue or be sued here, there can be no revivor."

This decision would seem to recognize the fact that the question as to whether a suit can be revived as to foreign executors in-

volves the same question as to whether or not an original suit can be brought or instituted against foreign executors. Section 1836 (a) of the New York Code of Civil Procedure was under consideration. Since this latter decision, the New York Court of Appeals has construed section 1836 (a) of the New York Code (now section 180, Decedent Estate Law), in the case of Helme v. Bucklew, 229 N. Y. 363, 128 N. E. 216. The section then under construction provided as follows:

"An executor or administrator duly appointed in any other state, territory or district of the United States or in any foreign country may sue or be sued in any court in this state in his capacity of executor or administrator in like manner and under like restrictions as a non-resident may sue or be sued, if, within twenty days' after any such executor or administrator shall commence, or appear in, any action or proceeding in any court in this state or within twenty days after he shall be required or directed by summons or otherwise to appear therein, there shall be filed in the office of the clerk of the court, in which such action or proceeding shall be brought or be pending, a copy of the letters testamentary or letters of administration issued to such executor or administrator duly authenticated as prescribed by section 2704 of the Code of Civil Procedure; in default whereof all proceedings in such action or proceeding may be stayed until such duly authenticated copy of such letters shall be so filed."

In that case a foreign executrix was served with a summons while temporarily within the state, she being a resident of the District of Columbia, and her testator being at the time of his death a resident of New Jersey, in which latter state letters testamentary had been duly issued to said executrix. The court held that, notwithstanding the provisions of the section quoted, a foreign executor could neither sue nor be sued in the courts of this state, except that a court of equity might take jurisdiction over foreign representatives when it was necessary to intervene for the administration of local estates, but that this jurisdiction was not extended to actions at law. At page 371 (128 N. E. 218) the court said:

"I am persuaded that the Legislature did not contemplate the maintenance of actions at law to be followed by the ordinary judgment in personam against foreign representatives, whether there were assets in the state at the end of the litigation or even at the beginning."

So much for the state practice. Section 955, R. S. U. S., under which the writ of scire facias herein was issued, and pursuant to which section it was served in Cuba, was amended in 1921. Prior to the amendment, the section of the Revised Statutes had provided, in substance, that where either of the parties plaintiff or defendant in any suit "in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend any such suit to final judgment. The defendant shall answer accordingly, and the court shall hear and determine the cause and render judgment for or against the executor or administrator, as the case may require. And if such executor or administrator, having been duly served with a scire facias from the office of the clerk of the court where the suit is depending, twenty days beforehand neglects or refuses to become party to the suit, the court may render judgment against the estate of the deceased party, in the same manner as if the executor or administrator had voluntarily made himself a party. * * * *"

In 1921, this section was amended by the addition of the following (section 955, R. S. U. S.; section 1592, U. S. Comp. St. as amended November 23, 1921, and December 22, 1921, 42 Stat. 352, c. 18):

"The provisions of this section shall apply to suits in equity and in admiralty as well as to suits at law, and the jurisdiction of all courts of the United States shall extend to and over executors and administrators of any party, who dies before final judgment or decree, *appointed under the laws of any state or territory of the United States,* and such courts shall have jurisdiction within two years from the date of the death of the party to the suit to issue its scire facias to *executors and administrators appointed in any state or territory of the United States* which may be served in any judicial district by the marshal thereof. * * * *"

I am satisfied that before the amendment to section 955, R. S. U. S., foreign executors and administrators could not be sued within this jurisdiction, except in cases where there is an equitable suit to compel the administration of assets which are within the jurisdiction or to impress an equitable lien upon such assets; that is to say, where the action is in rem or quasi in rem. The present action being one at law, where a judgment in personam is sought, I am convinced that neither could an original action have been brought against the Cuban repre-

sentative of the decedent herein, nor yet could the present action be revived by the issuance of the scire facias directed against and served in Cuba upon the executrix appointed under the laws of Cuba.

Has the 1921 amendment, quoted above, changed the situation in regard to the case at bar? It would seem that the reading of the language of the amendment answers the question. The amendment made by the Congress sought to extend the provisions of the section and the jurisdiction of all courts of the United States in "and over executors * * * of any party, who dies before final judgment or decree, appointed under the *laws of any state or territory of the United States*, and such courts shall have jurisdiction within two years from the date of the death of the party to the suit to issue its scire facias *to executors* * * * *appointed in any state or territory of the United States* which may be served in any judicial district by the marshal thereof. * * * *"*

I do not think that the writ of scire facias issued under section 955, R. S. U. S., could have any effect outside the territory of the United States, and certainly its service in Cuba would not avail to bring the alleged foreign executrix within the jurisdiction of the court in an action for personal judgment. If these views are sound, it is unnecessary to consider the questions of fact as to the Cuban law, applicable to executors.

The writ of scire facias will be quashed, and the service on Mrs. Sanchez, in Cuba, will be set aside.