## Riggs v. Schneider's Ex'r.

June 23, 1939.

Johnst Northcutt, Judge.

362

Rogers & Rogers for appellant.

Rouse & Price and Charles S. Adams for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, Elsie Riggs, filed this action against Phillip Schneider, a resident of Ohio, alleging that he inflicted personal injuries upon her by the negligent operation of an automobile in Covington on October 25, 1936. Service of process was had upon the non-resident defendant by executing it on the Secretary of State pursuant to Sections 12-1 to 12-6, Kentucky Statutes, but before answer was filed the non-resident defendant died and Michael Schneider qualified in Ohio as his executor.

On March 2, 1938, the plaintiff filed a petition for revivor, alleging that Phillip Schneider died on July 9, 1937, by which she sought to. revive the action against the foreign executor. Summons was issued on this petition for revivor to the sheriff of Franklin County and the return thereon was as follows:

"Executed this fourth day of March, 1938, upon the defendant, Michael Schneider, executor of Phillip Schneider, a non-resident of Kentucky, by delivering a true copy of the within summons together with attested copy of the petition to Charles D. Arnett, Secretary of State of Kentucky."

On March 9, 1938, the report of the Secretary of State was filed showing copy of the letter sent to Michael Schneider, executor in Ohio, and filing a return receipt card

The trial court was of the opinion that the action could not be revived against the foreign executor and sustained the motion to quash the summons and service of summons above mentioned. The plaintiff having indicated that no further steps would be taken, the petition was dismissed and this appeal follows.

We thus have presented for decision the question whether, in an action against a non-resident with service of process had pursuant to Sections 12-1 to 12-6, Kentucky Statutes, such action may be revived against the foreign personal representative of the non-resident defendant who dies pending the action.

It is contended for appellant that the statute providing for substituted service of process on the non-resident, when considered in connection with Section 501 of the Civil Code of Practice and the purpose of the Act, which was to relieve the injured person of the hardship of being required to follow the non-resident into a foreign state, indicates an intention on the part of the legislature to authorize a revivor of the action against a non-resident dying pending the action.

Section 501 of the Code provides that:

"Any party to the action * * * may file in the action a petition against the other parties, stating facts necessary to authorize a revivor, with a prayer therefor, upon which summons may be issued and served, or a warning order may be made under like restrictions and with the like effect as if issued or made upon original petition."

We agree with appellant that a construction should be adopted such as will fairly serve to accomplish the purpose of the Act, but we are not at liberty to adopt a construction in conflict with existing principles of law to accomplish an objective which the legislature did not see fit to manifest.

It seems to us that the proper solution of the question hinges on the right of revivor generally against a foreign executor of a non-resident. May an action against a non-resident who has actually been served with process in this State and dies subsequent to such service be revived against his foreign executor? If so, there is little doubt that the present action could be revived, for the statute providing for substituted service seems to have no other effect than that of placing the defendant thus summoned on a parity with one actually summoned in the State. There is no apparent reason to ascribe to the substituted service a status either superior or inferior to that of actual service.

In the domestic case of Manion's Adm'rs v. Titsworth, 18 B. Mon. 582, it was held that a foreign ad-

ministrator present in this State may be sued here by the persons entitled to assets in the hands of the administrator, but in Baker v. Smith, 3 Metc. 264, the court, while recognizing this rule, held that it had never been extended further than this and that no action could be maintained against such foreign administrator in the courts of this State by a creditor of his intestate.

In Brown v. Fletcher's Estate, 210 U. S. 82, 28 S. Ct. 702, 52 L. Ed. 966, Fletcher, a resident of Michigan, was before the court in Massachusetts, but died pending the action. He owned property in Massachusetts and his will was probated there as well as in Michigan. The action was revived against the administrator with the will annexed and judgment rendered. On an attempt made in Michigan to collect the judgment, it was held the judgment was not valid in Michigan, as service of revivor on the administrator with the will annexed did not give jurisdiction to the Massachusetts court to render a judgment binding on the Michigan executor.

In Helme v. Buckelew, 229 N. Y. 363, 128 N. E. 216, a foreign executor temporarily in New York was served with process. It was held that the executor was not present in New York in his official capacity and that the New York court had no jurisdiction to render judgment against him.

In McMaster v. Gould, 239 N. Y. 606, 147 N. E. 214, 40 A. L. R. 792, a statute providing for the substitution of a non-resident personal representative upon death of a non-resident defendant in an action in personam was held unconstitutional as depriving him of due process of law where there were no assets in the state.

In Warren v. Hall, 6 Dana 450, the action was filed in Kentucky and the defendant duly summoned, following which he moved to Louisiana and died. It was held that the action could not be revived against his executor qualifying in Louisiana, the court saying, "He was never, nor could ever have been, as executor, within the cognizance and power of the Court."

In the light of these authorities it seems clear that in actions generally where the defendant is before the court on actual service of process and dies pending the action, it cannot be revived against his foreign personal representative, and that being true, it would appear there is no justification for ascribing to the substituted

service a status superior to that of actual service and permitting a revivor in the circumstances of this case.

Appellant insists, however, that under our statute providing for substituted service, the non-resident using our highways thereby constitutes the secretary of state his agent for service of process and that such agency extends to the point of constituting the secretary of state agent for the non-resident's personal representative. We are unable to agree with this contention. The personal representative is only a trustee of the deceased defendant's estate, deriving his power and authority to manage and distribute that estate under the law of decedent's domicile, not from voluntary action of the non-resident. It would seem that a non-resident, in the absence of a legislative declaration to that effect, would not, by coming into this state, thereby make liable to process his personal representative, whose status, power and duties are prescribed by the law of a foreign state. We are of the opinion that the statute making the secretary of state the non-resident's agent for service of process extended no further than the plain terms of the statute. The statute neither in express words nor by implication includes non-resident personal representatives, nor authorizes a revivor against them, and we are not authorized to extend the terms of the statute beyond the plain import of the language contained therein.

In State of Wisconsin ex rel. Ledin v. Davidson, 216 Wis. 216, 256 N. W. 718, 96 A. L. R. 589, Ledin and Magnusson, residents of Illinois, riding in a car driven by Ledin, were killed in a collision in Wisconsin. Magnusson's administrator sued in Wisconsin and process was served on Ledin's Illinois administrator by substituted service on the secretary of state under a statute similar to ours. It was held that the Wisconsin court acquired no jurisdiction by such service. The court said it found nothing in the act providing for substituted service to suggest that the legislature intended to provide for service of process upon the foreign personal representative. It was said that if the legislature had so intended it would have been a simple matter to make such intention manifest by adding appropriate language to the act.

We think the reasoning of the Wisconsin court was sound and as was the case in that court, we do not find

in our statutes any language indicating that the legislature intended to provide for a revivor against the foreign personal representative of a non-resident before court on substituted service of process who dies pending the action.

The judgment is affirmed.