**Laura C. BALL, Individually and as Executrix under the will of C. E. Ball, deceased, Appellant,**

**v.**

**Kila POPE et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 6, 1959.

**52**

James Park, Lexington, Joseph K. Beasley, Harlan, for appellant.

James S. Greene, Jr., J. C. Baker, J. B. Carter, Harlan, for appellees.

CLAY, Commissioner.

This controversy involves the construction of a holographic will, and an appeal and cross-appeal have been taken from the declaratory judgment.

The testator, C. E. Ball, who left a very substantial estate, attempted to bequeath and devise his property by a one page will in his own handwriting. It is almost inconceivable that a successful businessman, who had once been a county judge, could undertake to dispose of his large estate without consulting a lawyer. The result is a will with several built-in ambiguities. Plausible arguments may be made for various interpretations.

The questioned part of the will reads as follows:

"That my wife Laura C. Ball shall have forty percent or four tenths of my stocks as listed

| To | | 240 shares Harlan Coal Land: | | | | | 120 shares HiSplint Stock | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| To | Laura C. Ball | 240 shares Harlan Coal Land: | " | " | " | " | 120 shares HiSplint Stock | " | " | " |
| " | Brothers children | 60 | " | " | " | " | 30 | " | " | " |
| " | Sisters " | 60 | " | " | " | " | 30 | " | " | " |
| " | Leola Smith | 120 | " | " | " | " | 60 | " | " | " |
| " | Mrs. C. E. Ball for tax and dona-tion(s) | 120 | " | " | " | " | 60 | " | " | " |
| | | 600 | | | | | 300 | | | |

"Other resources as listed below or on hand at my death to be used in settlement and division of Estate, and balance—if any—to be distributed in proportion as listed in stocks above."

(Here are listed specific numbers of shares in four different corporations, and "government bonds, notes and cash on hand at time of death".)

On the three principal questions presented, the Chancellor determined:

(1) One-half of the stock bequeathed to Mrs. Ball "for tax and donation(s)" must be held in trust to pay taxes on the real and personal property devised and bequeathed to her under the will; and that the other one-half was hers absolutely, subject only to the testator's "recommendation" that it be used for donations.

(2) The residue should not be applied to the payment of inheritance taxes.

(3) The residue should be divided 40 percent to Mrs. Ball, 15 percent each to the brother's and sister's children, and 30 percent to Leola Smith.

On the first issue Mrs. Ball contends that the gift to her "for tax and donation(s)" is absolute; that the expressed purpose of the gift showed no more than a wish or desire, imposing at most a moral obligation on the beneficiary. The opposing argument is that the testator showed an intention to create a trust, but since the terms of the trust were uncertain, it must fail and the property falls into the residue. We accept neither view.

It seems clear that the bequest of shares of stock to Mrs. Ball under this provision of the will was for a special purpose. It simply cannot be said that this was an additional absolute gift of 20 percent of the listed stocks because the testator had specifically limited her share to 40 percent, and this 40 percent was made absolutely certain when he designated that she receive 240 shares of Harlan Coal Land stock and 120 shares of HiSplint stock.

Following the sequence of the will, apparently the testator, after making the specified gifts to all of the named beneficiaries, became aware that they would not receive what he had given unless some assets were set aside for the payment of inheritance and estate taxes. He had already named his wife as executrix. She was the proper person to liquidate part of the estate's assets for the payment of taxes. Since this reference to "tax" was grouped with the four specific bequests of stock and followed the devise of real property, it was the apparent intention of the testator to require his wife to use these assets to clear the gifts of those taxes.

The parties argue at length the question of whether or not a tax trust was created. We do not think a trust problem is involved. As personal representative, Mrs. Ball was already designated the trustee of the estate. See Riggs v. Schneider's Ex'r, 279 Ky. 361, 130 S.W.2d 816. The question is simply whether or not the will imposed on her the duty of using the specified assets for the payment of estate and inheritance taxes on the devises and bequests. We are of the opinion that such duty was imposed and such assets should so be used to the extent necessary. The unqualified reference to "tax" could have no other meaning.

As the parties apparently agree, the word "donation(s)" has no legal efficacy as used in this will. If there is any balance of the proceeds of this stock left over after the payment of the estate and inheritance taxes, it becomes part of the residue of the estate and passes as prescribed in the last part of the will. If these assets are not sufficient for that purpose, the proceeds must be pro-rated on the respective taxes. We believe the Chancellor erred in limiting the amount and use of these assets to the payment of Mrs. Ball's taxes.

■ The above conclusion practically decides the second question raised. The testator, having already provided for the payment of taxes, intended the "other resources * * * to be used in settlement and division of estate" to provide for the costs of administration and not to pay taxes. The Chancellor's decision on this point was correct.

■ The last question involves the "proportion" of the residual assets to which each beneficiary is entitled. The percentage interest of each of the beneficiaries in the Harlan and HiSplint stock (on the basis of the shares listed) was as follows: Laura C. Ball 40 percent; brother's children 10 percent; sister's children 10 percent; Leola Smith 20 percent; and Mrs. C. E. Ball an additional 20 percent. This totalled 100 percent of the 600 shares of Harlan stock and 300 shares of HiSplint stock.

From our discussion above, it is obvious that the special bequest to Mrs. Ball for "tax and donation(s)" was a separate disposition of shares of stock. While it constituted 20 percent of the stock listed, no beneficiary had a proportionate interest therein. To carry out the intention of the testator, their proportionate interests must be calculated upon the basis of 80 percent of the listed stocks.

Mrs. Ball was given a 40 percent interest in 600 shares of Harlan stock and 300 shares of HiSplint stock. Excluding the additional 20 percent interest she was given in this stock for tax purposes, her *proportion* of the stock *bequeathed as a gift* is 50 percent. The proportionate respective interests of the brother's and sister's children are 12½ percent, and the proportion-

**54**

ate interest of Leola Smith is 25 percent. Thus the residue must be divided. We believe the Chancellor erred in limiting Mrs. Ball's *proportionate* interest in 80 percent to her *percentage* interest in 100 percent.

We believe the foregoing carries out the intention of the testator as expressed in his will.

The judgment is reversed on the original and cross-appeal, with directions to enter a judgment in conformity with this opinion, with costs to be equally divided.

Judge EBLEN dissents from the holding that the gift to Mrs. Ball "for tax" required her to pay therefrom the estate and inheritance taxes on devises and bequests other than her own.